## GEORGE W. BUCHANAN v. TOWN OF BARRE,

#### JANUARY TERM, 1894.

*Liability of municipality. For defective highways. For town hall rented for private purposes. Abutter not liable for defective sidewalk.*

1.  The plaintiff was injured by slipping upon the sidewalk, in consequence of its unsafe condition, from two to four feet from the entrance of the town hall in the village of Barre. *Held*, that the defendant was not liable, by reason of any neglect to properly care for the highway, for,

(*a*)  By the terms of its charter the village of Barre was charged with the maintenance of its streets and the town relieved from liability in reference thereto, and,

(*b*)  However that might be, there was no statutory liability on the part of the municipality for neglect in the maintenance of the sidewalk and hence no remedy to the plaintiff.

2.  If a town rents its town hall for private purposes it is under the same liability in respect to it while being so used that a private individual would be.

3.  In the absence of an ordinance charging him with some duty in respect to it, an abutter is not liable for the safe condition of the sidewalk in front of his premises, even as to one who is using it for the purpose of obtaining access to those premises at his invitation.

Action on the case for personal injuries arising from the negligence of defendant. Plea, the general issue. Trial by jury at the March term, 1893, Washington county, TAFT, J., presiding. At the close of the plaintiff's evidence the court directed a verdict for the defendant. The plaintiff excepts.

9

*Geo. W. Wing* and *John G. Wing* for the plaintiff.

The town, having rented its opera house for a private purpose, was under exactly the same liability that an individual would be, and was bound to keep the approaches to its building in a safe condition for the passage of those whom it invited there. *Deware* v. *Bailey*, 131 Mass. 169; Moak Und. 252; *Wardner* v. *New Bedford.* 131 Mass. 23; Whar. Neg. 252; *Onley* v. *Worcester*, 102 Mass. 490; *Lovering* v. *McLean*, 129 Mass. 33; *Henley* v. *Lyme*, 5 Bingham 91; S. C., B. and Ad. 77; 1 Scott, 29; 1 Bing. N. C., 222; 2 C. L. and Fin., 331; 8 Blegh. N. C., 690; *West* v. *Brookpart*, 16 N. Y. 161, note: *Wrightman* v. *Washington*, 1 Black. 39; *Nebraska City* v. *Campbell*, 2 Black. 590; Perley, C. J., 36 N. H. 289, 294, 295, 296; *Bigelow* v. *Randolph*, 14 Gray 543; *Child* v. *Boston*, 4 Allen 41, 51; *Fair* v. *Boston*, 19 Pick. 511; *Antony* v. *Adams*, 1 Met. 284; *Barbey* v. *New York*, 3 Hill 531; *Pittsburg* v. *Green*, 22 Penn. St. 54; Dill. Mun. Cor., s. 633, note; Ray's Neg. of Imposed Duties, 344, 345.

*John W. Gordon* and *Barney & Hoar* for the defendant.

The town was not liable for an accident upon its sidewalk. 1 Dill. Mun. Cor., ss. 29, 962; *Eastman* v. *Meredith*, 36 N. H. 284; *Hill* v. *Boston*, 122 Mass. 344; *Chidsey* v. *Canton*, 17 Conn. 475; *Welsh* v. *Village of Rutland*, 56 Vt. 228, 233-239; *Daniels* v. *Hathaway*, 65 Vt. 253, 257; *Baxter* v. *Winooski Turnpike Co.*, 22 Vt. 114; *Hyde, Admr.*, v. *Jamaica*, 27 Vt. 443; *State* v. *Burlington*, 36 Vt. 521; *Bates* v. *Village of Rutland*, 56 Vt. 224; *Bates* v. *Horner et al.*, 65 Vt. 471.

An owner of land abutting on a street is not responsible for the condition of the sidewalk. 1 Thomp. Neg., p. 360, s. 26; *Kirby* v. *Boyston Market Assn.*, 14 Gray 249, 252; *Flynn* v. *Canton Company of Baltimore*, 40 Md. 312.

TYLER, J.   Action on the case to recover for injuries alleged to have been received by the plaintiff near the entrance to the town hall in the defendant town.   The plaintiff's evidence tended to show that he slipped and fell and was injured upon the sidewalk, within the limits of the village of Barre, at a point two to four feet from the steps of the town hall or opera house, in consequence of the slippery condition of the sidewalk.

To entitle the plaintiff to recover, under the law of negligence, it must appear that the defendant owed him a duty in respect to the safe condition of the street at that point and failed to perform that duty.

By sections 5 and 6, Act No. 190, Laws of 1886, the village of Barre assumed all duties and responsibilities in respect to the streets of the village, and the town was relieved therefrom.   If there was negligence in respect to the care of the sidewalk it was on the part of the village.   But there was no statutory liability upon either corporation, they being liable by the statute only for damages arising from the insufficiency of bridges, culverts and sluices.

The plaintiff contends that as the defendant owned the opera house and rented it on this occasion for other than public purposes, namely, to an opera company, and received rent for its use, it owed a common law duty to the plaintiff and others who were invited to the opera house to have the approaches to it reasonably safe.

It is a general rule that towns and other *quasi* corporations are not liable for any neglect of corporate duty unless an action is given therefor by statute.   This is for the reason that they are governmental in their character, political subdivisions, formed for the purpose of aiding in carrying on the government of the country.   Dill. Mun. Cor., s. 963 ; *Mower* v. *Inhabitants of Leicester*, 9 Mass. 247 ; *State* v. *Burlington*, 36 Vt. 521.   A city or town is not liable to a private citizen for an injury caused by any defect or want of

repair of a city or town hall or other public building erected
and used solely for municipal purposes. But where a city
or town does not devote such building exclusively to those
purposes, but lets it for its own advantage and emolument
by receiving rents or otherwise, the city or town is liable
while it is so let, in the same manner that a private person
would be liable. *Oliver* v. *Worcester*, 102 Mass. 489;
*Hill* v. *Boston*, 122 Mass. 344; *Worden* v. *New Bedford*,
131 Mass. 20. The rule applies only to the neglect or
omission of a town to perform those duties which are im-
posed on all towns without their corporate consent and ex-
clusively for public purposes. *Bigelow* v. *Inhabitants of
Randolph*, 14 Gray 541. The cases make a clear distinc-
tion between the responsibilities of towns for acts done in
their public capacity, in the discharge of duties imposed
upon them by the legislature for the public benefit, and those
done for their immediate profit or advantage as a corpora-
tion, though inuring ultimately to the public benefit. *Oliver*
v. *Worcester*, note to *Perry* v. *Worcester*, 66 Am. Dec.
434; *Moffit* v. *City of Ashville*, 103 N. C. 237, 14 Am. St.
R. 810; *Howard* v. *Worcester*, 153 Mass. 426, 25 Am.
St. R. 651.

Applying the rule for which the plaintiff contends, that
the defendant town stood in the case like a private indi-
vidual; that having rented the opera house on this occasion
for the purpose shown by the evidence, it was legally bound
to provide a reasonably safe approach to the building for
persons going to and from it, what was the measure of its
liability?

If a private person had been the owner of the opera house
he would have been under a legal obligation to all persons
visiting it on this occasion to have had the building and its
entrances and approaches, which were under his control,
reasonably safe for their proper use. If there had been a
space between the sidewalk and the building, owned and

controlled by him, over which visitors had to pass in going to and from the building, he would have owed them the duty of having it in a reasonably safe condition for their passage over it. But over the sidewalk, which was a part of the public street, such private person would have had no control, and in respect to its condition would have owed visitors no duty, and consequently would have been under no liability for its defects.

Wherever there is a clear space between the street and any private building to which the public are invited, owned by the owners of the building and used as an approach to it, such owners are responsible for its reasonably safe condition. If, on the other hand, the space is a part of the public street which it is the duty of the village, town or city to maintain, the owners of the building are not liable for defects in the approach unless there is an ordinance which imposes upon them a duty to keep the approach in repair. In the absence of a duty there is no liability.

The defendant has made no point as to the length of time the slippery condition of the sidewalk had existed and we have not considered it.

*Judgment affirmed.*