# FRENCH *v.* NATIONAL LAUNDRY COMPANY.

---

TRIAL; DIRECTION OF VERDICT; LAUNDRIES; NEGLIGENCE AND CONTRIBUTORY NEGLIGENCE.

1 It is error for the trial court, of its own motion, to direct a verdict for the defendant in a personal-injury suit, at the conclusion of the cross-examination of the plaintiff, and before the plaintiff has rested

her case,—especially where it appears that others were present when the injury was received and it isf air to assume that plaintiff had other evidence to offer.

2. Every presumption must be resolved against the trial court, when it assumes to deprive a litigant of the right to produce competent witnesses in support of a declaration, which, if proved, would justify a recovery.

3. In an action against a laundry company by a thirteen-year-old girl employed by it, where it appears that, while removing napkins from the rolls of a mangle, her hand was caught and injured; that she had been employed by defendant's forewoman without any inquiry as to her experience; that she had not been informed by defendant that the machine was dangerous, or cautioned in any way as to the danger of removing articles therefrom while it was in motion; and that she had worked in other laundries, and had been working for defendant for about three months,—the case is one for the jury.

No. 1812.  Submitted February 14, 1908.  Decided March 31, 1908.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia, on a verdict directed by the court, in an action to recover damages for personal injuries.                              *Reversed.*

The COURT in the opinion stated the facts as follows:

The appellant, Joeanna French, by her next friend, Willie C. Clinton, plaintiff below, brought suit in the supreme court of the District of Columbia to recover damages from the appellee, National Laundry Company, defendant below, for injuries received while in the employ of the defendant company. It appears that the plaintiff, at the time of the accident, was thirteen years of age. She was employed by the defendant to assist in the operation of a machine in its laundry known as a mangle. The machine consists of large rolls, through which clothing and laundry goods are passed. An operator feeds the goods into the rolls at the front of the machine, and another operator receives them as they pass from the rolls. The plaintiff was assigned to the latter work. When the ma-

chine was stopped on the evening of the 11th of May, 1906, some unfinished napkins were left in the mangle, stuck to the rollers and the cylinder. The first thing plaintiff did, on reaching the laundry on the following morning, was to roll a canvas that was passed through the mangle to prevent the scorching of the rollers. When the canvas was taken out, the napkins still remained attached to the rolls. In removing the napkins from the rolls while the machine was in operation, plaintiff's hand was caught, and the injury here complained of sustained. It further appears that, when she arrived, the defendant's assistant forewoman instructed her to go to work and get the mangle in order, and she proceeded to roll the canvas and remove the napkins from the rolls. Plaintiff testified that she had seen others remove napkins while the machine was in motion, but could not remember who. She was employed in defendant's laundry by defendant's forewoman, without any inquiry having been made of her as to her experience. Plaintiff testified that she was not informed by the defendant company, or its agents, that the machine was dangerous; nor was she cautioned in any way as to the danger attached to removing articles from the machine while it was in motion. She testified that she had worked in other laundries in the city for several months before going into the employ of defendant, and that, at the time of the accident, she had been working on the machine in question for about three months.

The plaintiff was the first witness examined in her own behalf. When the cross-examination was concluded and she was dismissed from the witness stand, the court, on its own motion, instructed the jury to return a verdict for the defendant.

*Mr. W. W. Millan* and *Mr. R. E. L. Smith* for the appellant.

*Mr. Barry Mohun* and *Mr. H. Prescott Gatley* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The chief question before us is whether or not the trial court erred in thus summarily disposing of the case. We are clearly of the opinion that this was error. The rule to be applied to the action of the court in this case is absolute, and will admit of no exception. The strict rule applied where the court peremptorily instructs a verdict, either when plaintiff rests its case in chief, or when all the evidence, both of plaintiff and of defendant, has been submitted, has no application here. Plaintiff had not rested her case. The record is silent as to whether or not she had further evidence to offer. The fact remains that she had not rested, and, until she did, she had the manifest right to offer additional evidence in support of her declaration. The action of the court in instructing the jury to return a verdict for the defendant, under the circumstances here disclosed, would constitute error in any case. Plaintiff was not bound to establish her case by her own evidence, or by a particular number of witnesses. The record discloses that others were present when the accident occurred, and it is fair to presume that plaintiff had other witnesses to offer in support of her declaration. The testimony of the persons present, it is reasonable to assume, would have thrown much light upon the case. Every presumption must be resolved against the court, when it assumes to deprive a litigant of the right to produce competent witnesses in support of a declaration, which, if proved, would justify a recovery.

It is unnecessary for us to consider in detail the question of negligence, except to suggest that we are clearly of the opinion that, on the evidence of plaintiff as disclosed by the record, sufficient issue was raised to warrant the submission of the case to the jury. On this evidence alone, the trial court committed reversible error in instructing the jury to return a verdict for the defendant.

The judgment is reversed with costs, and the court is directed to grant the plaintiff a new trial.          *Reversed.*