[Civ. No. 1309.   Second Appellate District.—May 19, 1913.]

RAY SKELTON, Appellant, v. THE SCHACHT MOTOR CAR COMPANY (a Corporation), et al., Respondents.

TRIAL—MOTION FOR NONSUIT—GRANTING BEFORE CLOSE OF PLAINTIFF'S CASE.—Ordinarily the rule of practice is, that motions for judgments of nonsuit are not entertained until all of the evidence desired to be presented by a plaintiff has been introduced, but where, upon plaintiff's own testimony, it appears that no judgment would be proper to be entered in his favor, then the making of the motion and an affirmative ruling upon it in advance of the time that plaintiff might have desired to rest his case, can constitute no error; for it then appears that whatever other evidence might be brought before the court the result would be the same.

ID.—ACTION FOR CONVERSION OF AUTOMOBILE EQUIPMENT.—This rule is here applied in an action to recover damages for an alleged conversion of certain automobile parts or equipments, wherein an agreement showing an adjustment of the matters in controversy is introduced in evidence.

APPEAL from a judgment of nonsuit of the Superior Court of Los Angeles County.   Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

M. I. Grossman, for Appellant.

Ingall W. Bull, and H. A. Pierce, for Respondents.

JAMES, J.—Plaintiff sued to recover damages which he alleged that he had sustained by reason of certain automobile

parts of the value of $177.20 having been converted by defendants, and for the further sum of six hundred dollars for loss of time and money spent in hiring vehicles to use in the place of an automobile the use of which he alleged he was deprived of by defendants. The case came on for trial and it appeared by the evidence that plaintiff, after having purchased an automobile from defendants, became dissatisfied with it because of the improper working of the machine and returned it to the agency of defendant corporation, which was managed by the individual defendants, except Dietz. Dietz was the factory representative of the Schacht Motor Car Company. At the time plaintiff delivered the automobile into the hands of defendants he delivered also certain extra equipment the alleged value of which has already been stated. He testified that the machine was never redeliverd to him in satisfactory condition, that it was injured and damaged, and that for a considerable period of time he was obliged to hire other automobiles and vehicles to use in the prosecution of his business. It was then shown by plaintiff that after various negotiations respecting an adjustment of the matter had been had he entered into an agreement with the defendant corporation. The original of this agreement was introduced in evidence and it appeared plainly to contemplate an adjustment of the entire controversy respecting the defective automobile and damages for the time during which plaintiff was deprived of the use of it. It was therein recited that the old car and "all equipment and extras belonging thereto" were then in the possession of the agency, and in conclusion it was provided that the title of the old car was to pass to the agency after a new car had been delivered. It was further provided that defendant corporation should pay one hundred dollars cash as indemnity for the use of the car which had been withheld. Plaintiff in his testimony admitted that he had received the new car according to the terms of this agreement and that he had accepted and used it since the day of its receipt. These things being shown to the court, defendants moved for a judgment of nonsuit. Plaintiff's counsel objected to the granting of the motion and stated that there was other evidence to be introduced, but made no contention that by this other evidence any different state of facts could be shown than that already illustrated by the plaintiff's testimony and the docu-

mentary evidence. The court there said: "The contract has been executed and they accepted it. The only thing is the failure of the Schacht Motor Car Company to pay the $100 as they agreed, which would be a breach of the contract." Counsel for plaintiff responded: "We are suing for the conversion of our accessories. In other words, no title to those accessories ever passed to the Schacht Motor Car Company by virtue of these agreements. . . . I think we are entitled to sue for their conversion." Ordinarily the rule of practice is, as counsel for plaintiff insists, that motions for judgments of nonsuit are not entertained until all of the evidence desired to be presented by a plaintiff has been introduced, but where, upon plaintiff's own testimony, it appears that no judgment would be proper to be entered in his favor, then the making of the motion and an affirmative ruling upon it in advance of the time that plaintiff might have desired to rest his case, can constitute no error; for it then appears that whatever other evidence might be brought before the court the result would be the same. In this case the only real difference between the trial judge's position and that of plaintiff's counsel was as to whether by the accepting of the contract of settlement and the new automobile agreed to be furnished thereunder, plaintiff adjusted all matters in controversy between him and the defendants. The trial court concluded that such was the legal result, and it must be said that the testimony of plaintiff and the document introduced by him clearly and completely sustained this view of the case. It would have been an idle thing to have permitted plaintiff to proceed and introduce other testimony; particularly as it was not insisted on his behalf that this testimony would have modified, qualified, or explained any of that already introduced by him.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 18, 1913.