[Civ. No. 1633.  Second Appellate District.—April 14, 1915.]

F. K. HOFFMAN, Respondent, v. GUY M. RUSH COMPANY (a Corporation), Appellant.

ACTION FOR SERVICES—MOTION FOR NONSUIT—CONTINUANCE.—In this action to recover for services, it is held that there was no abuse of discretion in denying a continuance of the trial after the denial of a motion for nonsuit.

ID.—FINDINGS—WHEN SERVICE OF UNNECESSARY.—Assuming that the new provisions of section 634 of the Code of Civil Procedure, as

amended, in 1913, are more than directory, the service of proposed findings upon the defendant was not required where the trial court gave no directions for findings to be prepared by the plaintiff.

ID.—CORPORATION LAW—AUTHORITY OF PRESIDENT AND MANAGER.— While the president of a corporation which is engaged in selling real estate for commissions, if he is only that and nothing more, has no authority to bind the corporation by a contract employing another to perform services for it in selling real estate, where he is also general manager of the corporation, he is acting within the scope of his authority in employing an agent for such purposes and agreeing for the corporation as to the payment for such services; and it is not necessary that there should be a resolution appointing him as general manager, but it is sufficient if it is shown that he is manager *de facto*.

ID.—SUFFICIENCY OF EVIDENCE.—It is held in this case that the evidence was sufficient to sustain a finding that the president of the defendant was its actual general manager and employed plaintiff on its behalf and also sufficient to sustain the finding as to the amount due plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Walter L. Bowers, for Appellant.

John F. Poole, for Respondent.

CONREY, P. J.—Appeal by the defendant from the judgment and from an order denying its motion for a new trial.

There was no abuse of discretion by the superior court in refusing a continuance of the trial after denying the defendant's motion for nonsuit. The only witness proposed for defendant was not present. No subpoena had been served upon this witness and on the showing made the court had legal authority to proceed without delay.

The findings were signed by the judge without any preliminary service upon defendant of proposed findings. Assuming without deciding that the new provisions of section 634 of the Code of Civil Procedure, as amended in 1913, are more than directory, nevertheless, the service of proposed findings was not required in this case, since the record does not show

that the court gave any direction that findings be prepared by the plaintiff.

The defendant corporation is a broker engaged in selling real property for commissions. The plaintiff's demand for which judgment has been entered was for compensation for services rendered to defendant in the course of its business. These services consisted in exhibiting to prospective purchasers real property which afterward was sold by defendant to those purchasers. The complaint alleged that the defendant became indebted to the plaintiff for these services in a specified sum, which sum it was alleged that defendant agreed to pay. It is now contended that the evidence is insufficient to justify the findings, and particularly it is urged that there is no evidence to show any agreement made or indebtedness contracted by defendant.

The evidence is all contained in the plaintiff's testimony, including therewith certain papers identified by him. From this evidence it appears that Guy M. Rush, president of the corporation, at the office thereof, told the plaintiff that he did not want any salesmen, but wanted men to go out and advertise for him and solicit prospective buyers, and that he would pay a specified per cent for people that they would sell to, that plaintiff might get as prospects. He introduced the plaintiff to the sales manager and the plaintiff went to work. Plaintiff showed property to a number of persons to whom sales were made. Mr. Rush kept a book in which reports of sales were set forth, and this book was made accessible to the plaintiff by direction of the president.

As president of the corporation, if he was only that and nothing more, it may be conceded that Mr. Rush was without authority to bind the corporation by the contract pleaded in the complaint. (*Pacific Bank* v. *Stone,* 121 Cal. 202, [53 Pac. 634].) But the president of a corporation like the defendant, if he is also its general manager, would be acting within the scope of his authority in employing an agent such as the plaintiff and agreeing for the corporation as to payment for such services. "It is conceded law that in order to bind a corporation by his acts it is not necessary that any resolution should be passed appointing a general manager. It will be sufficient if it be shown that he was manager *de facto.*" (*Brown* v. *Crown Gold Milling Co.,* 150 Cal. 376, 386, [89 Pac. 86].) The evidence to which we have referred

tended to prove that Guy M. Rush was the actual general manager of the defendant's business, and that on behalf of the corporation he employed the plaintiff. This evidence is not contradicted and is sufficient to sustain the finding in question.

The evidence is also sufficient to sustain the finding as to the amount due. The testimony was introduced in a very informal manner and the witness gave as facts the results of his computations as to the amounts of the several commissions earned; for instance, he would say that the amount of his commission on a certain sale was so many dollars, and did not state the price at which the property was sold. But he had stated the percentages which he was to receive and no objection was made to either questions or answers.

The judgment and order are affirmed.

James, J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on May 12, 1915.