[Civ. No. 2755.  Second Appellate District, Division One.—January
30, 1920.]

## MICHIE GROCERY COMPANY (a Corporation), Appellant, v. ALBERT G. MARTIN et al., Respondents.

[1] Corporations—Execution of Contract by General Manager—
Absence of Seal—Presumption of Authority.—In an action by
a corporation to recover for the breach of a contract executed
by its general manager, without seal attached, proof that the
latter had been in plaintiff's employ for nine years, that at the
time of the execution of the contract in question he was such
general manager, in which capacity, and for and on behalf of
plaintiff and as its act, he signed the same, and that in the performance of his duties he had, prior to the execution of such
contract, signed all contracts for plaintiff in the conduct of its
business, was sufficient as a *prima facie* showing to entitle the
contract to be admitted in evidence as the contract of plaintiff.

APPEAL from a judgment of the Superior Court of Los
Angeles County.  Wm. D. Dehy, Judge.  Reversed.

The facts are stated in the opinion of the court.

Leonard B. Slosson and George E. Farrand for Appellant.

Ben F. Gray for Respondents.

SHAW, J.—In this action recovery of damages is sought
for defendants' alleged breach of a written contract to sell
and deliver to plaintiff five hundred bags of beans.

Judgment went for defendants, from which plaintiff appeals, claiming the court erred in sustaining defendants'
objection to the reception of the contract offered in evidence,
upon the ground that, while signed by defendant as seller,
it was not shown to have been executed by the plaintiff as
buyer.

---

1. Authority of officer to represent corporation as inferred from
manner in which he has been permitted to act, note, **Ann. Cas.** 1913D,
646.

**[1]** The contract, without seal attached, was signed as follows:

"Buyer Michie Grocy. Co.
P."

In connection therewith, T. E. Powers, in substance, testified that he had been in plaintiff's employ for nine years; that on May 22, 1916, at the time of the execution of the contract in question, he was general manager of plaintiff corporation, in which capacity, and for and on behalf of plaintiff and as its act, he signed the same, and that in the performance of his duties he had, *prior to the execution of this contract, signed all contracts* for plaintiff in the conduct of its business, which was that of wholesale grocer. In our opinion, this evidence was sufficient as a *prima facie* showing to entitle the contract to be admitted in evidence. The contention of respondents is that, in the absence of a resolution adopted by the board of directors authorizing Powers to execute the contract, his act could not be deemed that of the corporation, in support of which they cite authorities to the effect that the president of a corporation merely *by virtue of his position* has no power to bind the company by a contract. Conceding this, it is nevertheless true that where the general manager of a corporation, for and on its behalf, in its name and in the usual course of business conducted by it, executes a contract, his authority so to do, in the absence of any showing to the contrary, will be presumed. Powers' admitted relation to the corporation and the fact that in conducting the business he had theretofore acted for the company in executing all contracts to which it was a party, warrants the inference that his act was in accordance with rules adopted by the board of directors for guidance in the transaction of its corporate affairs. (*Bank of Middlebury* v. *Rutland R. R. Co.,* 30 Vt. 159; *Crowley* v. *Genesee Min. Co.,* 55 Cal. 273; *Hoffman* v. *Guy M. Rush Co.,* 27 Cal. App. 167, [149 Pac. 177].)

If the position of the parties were reversed and the company attempt to repudiate the contract upon the ground that its execution was not authorized, it should not be heard upon the showing here made.

Our view as to the ruling of the court in excluding the contract from evidence renders it unnecessary to discuss

the sufficiency of the evidence to support the findings of the court as to damages and defendants' right to an abatement of the action under section 410 of the Civil Code.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.