[Civ. No. 3291. Second Appellate District, Division One.—July 31, 1920.]

## D. F. MacFARLANE, Respondent, v. R. M. DOYLE, Appellant.

[1] Evidence—Conflicting Testimony—Province of Trial Court—Appeal.—In an action for money claimed to have been loaned by plaintiff to defendant, if the testimony is conflicting, that of plaintiff showing that the money was advanced to defendant purely as a loan and that of defendant tending to prove the money was paid as a part of the purchase price for an interest in a certain business, it is the province of the trial court to determine which one of these witnesses is entitled to belief, and it having resolved the conflict in favor of the plaintiff, such determination is conclusive on appeal.

[2] Findings—Service of.—Where the trial court does not direct the preparation of findings, service of proposed findings is not necessary.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. T. Blakely for Appellant.

E. E. Kirk and Wally Vogel for Respondent.

SHAW, J.—By one count of the complaint in this action plaintiff alleged that he loaned to defendant the sum of $900, which defendant agreed to repay on demand; that notwithstanding demand made therefor, defendant has refused to pay the same and the whole thereof remains unpaid. The second count of the complaint states a cause of action for wages alleged to be due from defendant to plaintiff for services rendered by the latter at the former's request. By this answer defendant denied all the allegations of the complaint, and filed a cross-complaint, wherein he alleged that he sold to plaintiff a one-third interest in and to a certain business for an agreed price of $1,733.33, upon which plaintiff paid to him the sum of $900 and no more, for the balance of which he demanded judgment.

The allegations of the cross-complaint were denied by plaintiff. As to all of the issues so joined, the court found adversely to defendant and gave judgment for plaintiff as prayed for, from which defendant appeals, claiming that the findings are without support.

[1] There is no merit whatever in the contention. That defendant received from plaintiff the sum of $900 is conceded, and the testimony of plaintiff clearly shows that the sum was advanced to defendant purely as a loan, while that of defendant likewise clearly tends to prove the money was paid as a part of the purchase price for an interest in the business, as alleged in his cross-complaint. It was, of course, the province of the trial court to determine which one of these witnesses was entitled to belief. The court, as it had the right to do, resolved the conflict in favor of the plaintiff, and such determination of the question must on appeal be deemed conclusive.

[2] It appears the findings were signed and filed upon the same day when served, contrary, as claimed by appellant, to section 634 of the Code of Civil Procedure, which provides that where the court *directs a party to prepare findings,* a copy thereof shall be served upon the other party to the action at least five days before findings shall be signed by the court. Assuming that this provision is mandatory rather than merely directory, there is nothing in the record showing the court directed the preparation of findings; and hence, as held in *Hoffman* v. *Guy M. Rush Co.*, 27 Cal. App. 167, [149 Pac. 177], the case is not brought within the provisions of the section.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.