[Civ. No. 9239. First Appellate District, Division One.—July 21, 1934.]

ORA THOR, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

James F. Brennan for Appellant.

John J. O'Toole, City Attorney, and Dion R. Holm, Assistant City Attorney, for Respondent.

JAMES, J., *pro tem.*—Plaintiff sued herein for the death of a minor child of the age of six years, which she alleged resulted through the negligence of the defendant acting in

its proprietary and private capacity and also in its governmental capacity. The complaint sets up three separate causes of action; and the particular cause of complaint is the maintenance of an exposed water-pipe in a public highway, upon which the minor fell and received injuries resulting in his death. The three causes of action included: first, the charge that the defendant, in his private capacity, negligently maintained this pipe in a public highway; and, in the second cause of action, that the defendant, in its private capacity, maintained the pipe unlawfully in the highway and which constituted a public nuisance; and, third, that the defendant, in its governmental capacity, maintained Shakespeare Street in a dangerous and defective condition, with notice thereof, and failed to remedy the same. On the trial, the jury returned a verdict in favor of the defendant.

Five reasons are assigned for a reversal in this case which we will deal with in the order they are presented.

1. It is contended that the court below erred in not instructing a verdict in favor of the plaintiff. This contention requires little discussing. Obviously, it was a matter to be submitted to the jury and the determination of the jury will not be disturbed where there is any evidence to support the verdict. In the present case there is ample.

2. It is next contended that the court below erred in admitting certain evidence by way of impeachment. On the trial, there seemed to be some question as to how the boy came to fall. No witness was produced who saw the start of the accident. The plaintiff and her husband testified to seeing the boy in the act of striking against the pipe. On cross-examination, the mother was asked if her son had not told her after the accident that one Jackie Sheehan had pushed him, which she denied in a somewhat uncertain manner. Thereafter, the defendant introduced the witness Mary Sept, who testified, under objection, to having heard the boy state that Jackie Sheehan had shoved him, or that "there was something said about it, yes. But I don't know just the date at all . . . there was something said about Jackie Sheehan pushing him, but I did not see it, I cannot swear." The questions asked of the plaintiff were without objection. The testimony of Mrs. Sept was clearly inadmissible, but in this court's view the uncertain character of the statements of the latter witness is such that

we cannot find therein a sufficient reason to reverse the case on that ground alone.

3. Objections are made to certain formula instructions of the court, which it is contended do not include all essential elements. The instructions complained of find support in the case of *De Nardi* v. *Palanca,* 120 Cal. App. 371 [8 Pac. (2d) 220].

4. It is next contended that the court erred in giving the following instruction: "You are instructed that if from the evidence you determine a verdict should be awarded plaintiff, you are to take into consideration that Ben Sanderson was a child of six years of age, and his pecuniary value to his mother for a number of years to come would be nil and that he would be a source of expense to his mother during his minority, and after his minority what pecuniary value he would be to his mother is purely conjectural." This instruction is challenged as trenching upon the province of the jury as an instruction on facts. Statements contained in this instruction, and complained of as being an instruction on facts, are so obvious from the record that it would seem that the jury would scarcely need such an instruction. There was no evidence that the boy was any different from the ordinary boy of his age, and no suggestion in the evidence, the pleadings or the argument that he was an unusual child or different in any regard from the ordinary boy. While this instruction is not to be greatly commended, we can find in it nothing that would justify a reversal.

5. Finally, it is contended that this instruction, given by the court below, was erroneous because it is claimed it instructed the jury, in effect, that if the defendant was not liable in its governmental capacity, it would, therefore, not be liable in its proprietary capacity: "You are instructed that the City and County of San Francisco is not liable for injuries to persons resulting from the dangerous or defective condition of public streets or highways unless you believe from a preponderance of the evidence herein that the governing or managing board of said City and County, or other board, officer or person having authority to remedy such condition had knowledge or notice of said alleged defective or dangerous condition of said street and failed to correct it for a reasonable time after acquiring such knowledge or notice to repair the same. The burden of proving each of

these foregoing elements at all times rests upon plaintiff." This is a correct statement of the law as applicable to the third cause of action. The rules governing the responsibility of the defendant under the other causes of action charged against it in its private or proprietary capacity are correctly covered in other instructions.

We find no error in the proceedings of the lower court which would justify a reversal of the judgment appealed from, and it is, accordingly, affirmed.

Tyler, P. J., and Cashin, J., concurred.