[Civ. No. 11105. First Appellate District, Division One.—April 17, 1940.]

DANIEL F. DINEEN, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

John J. Taheny for Appellant.

John J. O'Toole, City Attorney, and Henry Heidelberg, Deputy City Attorney, for Respondent.

PETERS, P. J.—Plaintiff appeals from a judgment of nonsuit, and from orders denying him the right to file an amended complaint and denying relief under section 473 of the Code of Civil Procedure.

Plaintiff claims to have been injured on February 20, 1936. On that date he visited, as a spectator, one of the superior court rooms in San Francisco to observe a trial then in progress. The particular court room is equipped with folding chairs for the use of spectators. After plaintiff had been seated in such a chair for about an hour and a quarter, the chair collapsed, precipitating him to the floor and causing

the injuries for which damages are asked. It appears that a nut which holds the bolt that supports the seat of the chair had become unscrewed.

The complaint, so far as pertinent here, alleges that "because of the negligent operation, installation, maintenance and control of said chair" by the defendant, plaintiff was injured.

The cause was tried before a jury on Wednesday, August 24, 1938. The plaintiff testified as to the facts and circumstances of the accident, and also called the court bailiff as his witness. On the afternoon of the first day of trial, shortly after court convened at 2 o'clock, it developed that plaintiff had no further witnesses available as to the facts of the accident, but that a medical witness had been subpoenaed for 3 o'clock. Plaintiff's counsel stated that he was not then able to produce other witnesses as to the facts; that he had "anticipated having here several witnesses that we have been unable to subpoena during the vacation period. I am informed they will be back Monday". He requested a continuance which the trial court denied, stating that plaintiff should have sought a continuance before the case came on for trial.

Defendant thereupon moved for a nonsuit. The motion was granted on two grounds: First, that the complaint did not state a cause of action; and, second, that "there is no evidence upon which a verdict of this jury could be predicated". If either ground of nonsuit was proper, the action of the trial court must be affirmed. (*Inderbitzen* v. *Lane Hospital*, 124 Cal. App. 462 [12 Pac. (2d) 744, 13 Pac. (2d) 905].)

Thereafter the plaintiff substituted his present counsel in place of the counsel who had represented him at the trial, and then moved for a new trial, for leave to file an amended complaint, and for relief under section 473 of the Code of Civil Procedure. These motions were denied, whereupon these appeals were perfected.

The first question to be determined upon this appeal is whether the respondent is generally liable in tort for alleged injuries growing out of the use and operation of a superior court room, or whether the respondent's liability is predicated solely on the provisions of the Public Liability Act. (Stats. 1923, chap. 328, p. 675; Deering's Gen. Laws, Act No. 5619.) If the respondent owned, maintained and

operated the city hall and the court rooms contained therein in its governmental capacity, its liability in tort, if any exists, must be predicated on the provisions of the Public Liability Act, *supra*. On the other hand, if the city hall and the court rooms contained therein are owned, maintained and operated by respondent in its proprietary capacity, then respondent is generally liable in tort without reference to the limitations of the Public Liability Act. It is appellant's theory that at the time of the accident in question the court room was not being used by the respondent in its governmental capacity, but by the State of California in its governmental capacity; that in relation to that court room the respondent is a landlord and is acting in a proprietary capacity. Cases such as *Boothby* v. *Town of Yreka City*, 117 Cal. App. 643 [4 Pac. (2d) 589], and *Chafor* v. *City of Long Beach*, 174 Cal. 478 [163 Pac. 670, Ann. Cas. 1918D, 106, L. R. A. 1917E, 685], are relied upon in support of this contention. None of the cited cases deals with the precise problem here presented. It is appellant's theory that the superior court is a state court, and that the city hall in which the court room is located is a city and county building, and that therefore the respondent was acting in a proprietary capacity in permitting the state court to occupy the court room, and in that capacity is liable for general negligence. The contention is unsound. The respondent is not only a city, but a city and county. While the superior court is, in one sense, a state court, it is also a county court. Counties are political subdivisions of the state for purposes of government. (Art. XI, sec. 1, Const.; *Hill* v. *Board of Supervisors*, 176 Cal. 84 [167 Pac. 514]; *Reclamation District* v. *Superior Court*, 171 Cal. 672 [154 Pac. 845].) Counties are vested by the state with a variety of powers which the state itself may assume or resume and directly exercise. The principal purpose in establishing counties was to make effectual the political organization and civil administration of the state which require local direction, supervision and control, including, to a large extent, the administration of public justice. (7 Cal. Jur., p. 389, sec. 5.) Consolidated city and county governments are provided for by article XI, section 7, of the Constitution. A city and county government partakes of the nature and has the powers and exercises the functions of both a city and a county. (*Keyes* v. *San Francisco*, 177

Cal. 313 [173 Pac. 475]; *Nicholl* v. *Koster*, 157 Cal. 416 [108 Pac. 302].) Although such dual organization sometimes presents some ambiguous situations, it is quite clear that in operating a superior court it is acting as a county and not as a city. (*Kahn* v. *Sutro*, 114 Cal. 316 [46 Pac. 87, 33 L. R. A. 620]; *Crowley* v. *Freud*, 132 Cal. 440 [64 Pac. 696].) In so far as the building involved is maintained for the superior courts, the respondent is acting as a county, in a governmental capacity, performing a duty expressly imposed upon it by the state. (Sec. 4041.18, Pol. Code; sec. 144, Code Civ. Proc.) The doctrine contended for by appellant, therefore, has no application. If respondent is liable at all, such liability must be based on the provisions of the Public Liability Act.

■ Appellant next contends that the complaint was sufficient to state a cause of action under the Public Liability Act. The complaint alleges "that because of the negligent operation, installation, maintenance and control of said chair . . . plaintiff was thrown violently to the floor . . . ". It is the general rule that in actions under the Public Liability Act it is incumbent upon the plaintiff to plead and prove the dangerous and defective condition of the property, knowledge on the part of some officer or agent of the defendant who possesses the power to rectify the condition, and neglect to repair within a reasonable time after notice. (*Schmidt* v. *City of Vallejo*, 122 Cal. App. 5 [10 Pac. (2d) 107]; *Thor* v. *City and County of San Francisco*, 140 Cal. App. 64 [34 Pac. (2d) 1056].) In the instant case the complaint contains no allegation of notice. The evidence failed to show such notice. Appellant seeks to avoid the application of this rule by the contention that the complaint alleges negligent installation of the chair. It is contended that, where the defendant has itself created the dangerous condition, actual notice is necessarily implied. (*Sandstoe* v. *Atchison, T. & S. F. Ry. Co.*, 28 Cal. App. (2d) 215 [82 Pac. (2d) 216].) That rule applies to situations where the governmental agency has negligently constructed or installed the particular agency causing the injury. In the present case, although the complaint alleges that the chair was negligently installed, there was not a scintilla of evidence to sustain the allegation.

■ Appellant next contends that constructive notice is sufficient under some circumstances to impose liability under

the Public Liability Act. This is undoubtedly the law. (*Dawson* v. *Tulare Union High School,* 98 Cal. App. 138 [276 Pac. 424]; *Hook* v. *City of Sacramento,* 118 Cal. App. 547 [5 Pac. (2d) 643]; *Rafferty* v. *City of Marysville,* 207 Cal. 657 [280 Pac. 118].) Under these cases long-continued existtence of a patent defective condition may establish constructive notice thereof. These cases go no further, however, than to hold that if the evidence shows that the dangerous condition is long continued and patent the governmental agency cannot successfully contend that it was not aware of it. In the present case it is contended that the defect is one which would have been discovered had the respondent exercised reasonable care in inspecting the seats. The cases do not support such an extension of the rule. Moreover, not only is this theory not pleaded in the complaint upon which the action went to trial, but it was refuted by the evidence. The evidence produced by plaintiff demonstrated that the accident occurred by reason of the fact that a nut on the bolt that supports the seat of the chair had become unscrewed. There was not one word of testimony as to how long this condition had existed, nor that the nut and bolt were in such a position that a reasonable inspection would have disclosed the condition. There is no direct or indirect evidence from which the jury could have inferred that the condition had existed for a long enough period that defendant would have had an opportunity to repair it, or that a reasonable inspection would have disclosed it. The point is without merit.

Appellant next contends that it was error to grant the nonsuit before he had closed his case. This contention is connected with the contention that it was error to have refused him a continuance. The circumstances under which the continuance was denied and the nonsuit granted have already been set forth. Generally speaking, it is error to grant a nonsuit, except when predicated upon the opening statement, before the plaintiff has closed his case. But that rule has its exceptions. Here the plaintiff proceeded to trial without objection. He produced two witnesses as to the facts of the accident, and then stated that he had no other witnesses then available who could testify as to the facts, but had a medical witness who could testify. He did state there were other witnesses as to the facts, but that they would not be available until the following Monday—the case having

started to trial on Wednesday. Appellant knew these witnesses were not available when he proceeded to trial. In spite of this fact, he did not request a continuance until after the jury had been impaneled and after two witnesses had been called. Even then he did not state who the additional witnesses were, nor what their testimony would be. He did not claim that their testimony on the facts would prove knowledge on the part of the respondent. Under such circumstances the request for the continuance was not made with due diligence. The granting or denial of the motion was within the discretion of the trial court, and no abuse of that discretion has been shown. (*Spadoni* v. *Maggenti*, 121 Cal. App. 147 [8 Pac. (2d) 874] ; *Hoffman* v. *Guy M. Rush Co.*, 27 Cal. App. 167 [149 Pac. 177].) ■ This being so, when the nonsuit was granted all the evidence on the facts was before the court. That evidence was insufficient as a matter of law. Even though appellant had not rested his case, it affirmatively appears that the only other testimony then available was as to the extent of the injury. Under such circumstances it was not error to grant the nonsuit before hearing the medical testimony. (*Skelton* v. *Schacht Motor Car Co.*, 22 Cal. App. 144 [133 Pac. 504].)

■ The only other contentions of appellant necessary to consider are that it was error to deny him permission to file the amended complaint, and to deny him relief under section 473 of the Code of Civil Procedure. The granting of such relief lies largely within the discretion of the trial court. In the proposed amended complaint two major changes are made in the allegations. It is first alleged that at the time of the accident the building in which the court room is located "was used partly for public and governmental purposes and parts thereof were rented by the municipality, in its proprietary capacity, to various lessees, title insurance companies, the United States Post Office, various concessionaires and various *quasi*-governmental bureaus". Appellant claims to find authority in other jurisdictions for the proposition that if a governmental agency chooses to permit any part of a building to be used for other than governmental purposes its liability as a proprietor extends to the entire premises. (43 Cor. Jur. 1166; *Lowe* v. *Salt Lake City*, 13 Utah, 91 [44 Pac. 1050, 57 A. L. R. 708] ; *Buchanan* v. *Barre*, 66 Vt. 129 [28 Atl. 878, 44 Am. St. Rep. 829, 23 L. R. A. 488] ; *Little*

v. *City of Holyoke,* 177 Mass. 114 [58 N. E. 170, 52 L. R. A. 417].) The cases cited do not establish the broad rule contended for by appellant. They establish the rule that if a governmental agency permits part or whole of a building to be used for other than governmental purposes, then the agency is generally liable in tort to any person who is injured by reason of the negligent maintenance or operation of the building, if such injury occurs in the common hallways, passages, or yard of such building or in the portion used for non-governmental purposes. This is a sound and salutary rule. However, if the person is injured while in or on a portion of the building used exclusively for a governmental purpose, the governmental agency is exempt from liability, except where limited by statute. █ While no doubt the exemption from liability should be strictly construed (*Chafor* v. *City of Long Beach,* 174 Cal. 478 [163 Pac. 670, Ann. Cas. 1918D, 106, L. R. A. 1917E, 685], decided before the passage of the Public Liability Act) by the passage of the Public Liability Act, the legislature has properly determined the extent of the liability of governmental agencies. The liability so fixed should not be unduly extended by judicial construction. This proposed amendment, therefore, does not state a cause of action against respondent.

█ In an attempt to state a cause of action under the Public Liability Act, the proposed amended complaint changed the allegation of negligence, quoted *supra,* to allege ''that said chair was in a dangerous and defective condition for such a period of time that said defendant would have discovered said dangerous and defective condition if reasonable care had been exercised in the inspection of said chair and if reasonable care had been exercised in the maintenance and control of said chair by said defendant; that said defendant had knowledge and notice of such dangerous and defective condition and negligently failed and neglected for a reasonable time after acquiring such knowledge and receiving such notice to repair said chair or to take action for the purpose of protecting the public against injury by reason of said dangerous and defective condition''. The proposed amended complaint alleges the requisite knowledge and notice required under the Public Liability Act. However, neither in his motion for relief under section 473 of the Code of Civil Procedure, nor in his motion for permission to file the amended

complaint, did appellant allege or set forth by affidavit that witnesses were available who would testify as to actual or constructive knowledge of the respondent. In his notice of motion made under section 473 of the Code of Civil Procedure, and for leave to file the amended complaint, appellant averred that through mistake, inadvertence and excusable neglect on the part of plaintiff and his former counsel, an allegation with reference to notice or knowledge on the part of defendant of the defective condition had been omitted from the complaint. Plaintiff's supporting affidavit is to the same effect. It is true that an attorney's inadvertence or excusable neglect, including mistake of law, is, under some circumstances, a ground for relief under section 473 of the Code of Civil Procedure. (14 Cal. Jur., pp. 1041, 1044; 7 Cal. Jur. (Ten-Year Supp.) 286.) That rule has no application here. In this case the defects in pleading and proof were called to the attention of counsel before the nonsuit was granted, but no attempt was then made to remedy these defects. Moreover, in so far as appellant may have testimony to support the new allegations of the proposed complaint by evidence, his motion, in legal effect, is for a new trial on the ground of newly discovered evidence. As to such a motion the Supreme Court has recently held that the failure of a plaintiff's attorney to discover certain evidence because of his failure to realize its vital importance to plaintiff's case, did not constitute legal excuse for failure to present the evidence at the trial. (*Slemons* v. *Paterson*, 14 Cal. (2d) 612 [96 Pac. (2d) 125].) In that case an order granting a new trial on that ground was reversed. The same principle is applicable here. The trial court, acting well within its discretion, denied the motions. No abuse is shown, and this court has no power to disturb the rulings.

The judgment and orders appealed from are affirmed.

Knight, J., and Ward, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1940.