**AMERICAN DEVELOPMENT CORPORA- TION, Appellant,**

v.

**POTOMAC COMPANY, Incorporated, George Levin, Lewis Levin, and Baltimore Contractors, Inc., Appellees.**

**No. 1866.**

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 15, 1956.

Decided Dec. 17, 1956.

Rehearing Denied Jan. 15, 1957.

Charles F. O'Neall, Washington, D. C., for appellant.

Louis Ginberg, Washington, D. C., with whom Bernard Krakow, Washington, D. C., was on the brief, for appellees.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant corporation, plaintiff in the trial court, filed suit against appellees, alleging breach of contract and conversion in connection with the sale of sixteen pontoons. Plaintiff, a dealer in marine equipment parts, entered into a contract with Potomac Company, through its president George Levin, in June 1953, to purchase one hundred Navy surplus pontoons

at fifty dollars each. Plaintiff paid $5,000 and received only eighty-four pontoons, and this suit involves the remaining sixteen.

Plaintiff alleged that under the terms of the contract it had a continuous right of selection from a specified lot of some 272 pontoons owned by Potomac; that after initial inspection it placed certain markings on the acceptable pontoons and other markings on those requiring further inspection before final acceptance; that it actually received only eighty-four of the one hundred pontoons contracted for; that prior to the final selection of the remaining sixteen Potomac Company, through its president, sold them; and that Baltimore Contractors, Inc., purchased them with knowledge that plaintiff had tentatively selected certain of them, thereby causing it to go into the market and purchase sixteen other pontoons at a higher price in order to complete a pending contract with another company. As to the breach of contract, plaintiff alleged that Potomac Company disposed of the sixteen pontoons selected or marked by it and was thus unable to fulfill its contractual obligations. Baltimore Contractors denied having knowledge of plaintiff's claim of ownership, and Potomac in substance denied plaintiff's continuing right of selection and alleged that sixteen pontoons were still available for delivery. Trial was had to a jury, and while plaintiff was in the course of presenting its case, it made a proffer of its remaining evidence. Certain exhibits were excluded and plaintiff resumed its presentation. While one of plaintiff's witnesses was testifying on the issue of damages, counsel for the defense made a motion for directed verdict which was granted. This appeal challenges the propriety of the peremptory instruction, which we think was error.

■ The rule in federal courts and this court is well established[1] that a motion for directed verdict made by defendant at the close of plaintiff's evidence questions whether the evidence of plaintiff, together with all the inferences which may be reasonably drawn therefrom, will support a verdict for plaintiff. If there is sufficient evidence on which reasonable men might differ, the trial judge must deny the motion and allow the jury to evaluate the evidence.

■ Tested by this standard we are unable to say from our study of the record that, by the evidence presented plus the proffer of further evidence, plaintiff did not make out a prima facie case warranting submission to the jury. Thus, we hold that there was sufficient evidence to establish (1) a breach of contract, and (2) conversion, which required answering evidence. It is unnecessary for us to consider in detail such questions as what rights plaintiff had with regard to selection; whether shipping instructions were requested by Potomac; whether certain markings were made and whether such markings were present when Baltimore Contractors purchased the pontoons; and whether the purchase was made with knowledge of plaintiff's claim of ownership of certain of those sold. We believe sufficient evidence was introduced on these points so as to create factual issues appropriate for determination by the jury. Accordingly, a new trial must be ordered.

■ Although what we have said effectively disposes of this appeal, so that we need not review other alleged errors, we deem it important to discuss the procedure followed by the trial judge in entertaining the motion for directed verdict, while plaintiff was still presenting its evidence, in apparent contravention of Rule 50 of the Civil Rules of the Municipal Court which states in part:

"Motion For A Directed Verdict
"(a) *When Made: Effect*. A party

1. Gunning v. Cooley, 1930, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720; Metropolitan Life Ins. Co. v. Adams, D.C.Mun.App. 1944, 37 A.2d 345, 348–349.

who moves for a directed verdict at the close of the evidence offered by an opponent * * *."

Appellees take the position that plaintiff has been denied none of its rights in this instance because plaintiff had made a proffer of its further evidence which the trial judge held insufficient, taken with the presented evidence, to support its claim.

■ In this jurisdiction it has been held error to terminate a proceeding summarily before a party has completed the presentation of this case in either a jury [2] or a non-jury [3] trial, even though a fact develops in the course of the presentation which could destroy the claim. The reason is that a party must be given an opportunity to controvert or explain such fact. However, it is true that under certain circumstances it may be possible to direct a verdict after a proffer,[4] when the proffer is of evidence which is properly excludable as incompetent, irrelevant or immaterial, and the non-movant has no other evidence to present, because then he may be said to have completed his case and rested.

This case, however, is not of such a character. Here, a proffer was made and the trial judge did not exclude all the proffered evidence or direct a verdict at that point. Instead, plaintiff was permitted to resume presentation of its case, and while its witness was testifying, the trial judge invited defense counsel to make the motion which is the subject of this appeal. Even after the motion was made, plaintiff was allowed to introduce the additional evidence of another witness, in order to "get his testimony on the record," at which point the judge finally ruled on the motion. It is apparent then that the trial judge did not regard the proffered evidence as defective, which we now also hold. Thus the proffer played no role in the granting of the motion, and the case is controlled by the rule in the French and Merriam cases (*supra,* footnotes 2, 3). Accordingly, it was error to refuse to allow plaintiff to complete the presentation of its evidence.

Since we have determined to order a new trial, it is unnecessary to rule on other errors alleged by plaintiff. Appellees cross-assigned as error the propriety of the court's action in reinstating the case after dismissal on oral motion. We find no merit in this contention.

Reversed with instructions to award a new trial.

2. French v. National Laundry Co., 1908, 31 App.D.C. 105.

3. Merriam v. Sugrue, D.C.Mun.App.1945, 41 A.2d 166.

4. Payne v. Capital Transit Co., 1950, 86 U.S.App.D.C. 172, 181 F.2d 613; Maloney v. Brackett, 1931, 275 Mass. 479, 176 N.E. 604, 605; Skelton v. Schacht Motor Car Co., 1913, 22 Cal.App. 144, 133 P. 504.