[Civ. No. 6419. Fourth Dist. Aug. 18, 1960.]

LESLIE E. KING et al., Appellants, v. ASSOCIATED CONSTRUCTION CORPORATION (a Corporation) et al., Respondents.

Vaughan, Brandlin & Baggott and Richard I. Roemer for Appellants.

Luce, Forward, Hamilton & Scripps, Edgar A. Luce, Kimball & Smith and Ned A. Kimball for Respondents.

GRIFFIN, P. J.—Plaintiffs and appellants, husband and wife, brought this action for damages for fraud against defendants Associated Construction Corporation, Ashdon Corporation, Robert C. Gordon and William Starr, arising out of a written agreement dated July 12, 1957, wherein plaintiffs agreed to buy, and defendant Associated Construction Corporation (by William Starr) agreed to sell, a newly constructed dwelling at 421 Ocean Boulevard, Coronado, located in a large subdivision of similar houses, for the sum of $28,000. At the time of the execution of the agreement the dwelling was approximately one-half completed.

Plaintiffs alleged that prior to the execution of the agreement defendants falsely and fraudulently represented to plaintiffs that the dwelling was expertly constructed and that superior building materials and workmanship were used in its construction; that they discovered, after its completion, that the house was not expertly constructed and that superior building materials and workmanship had not been used in its construction in certain defined respects, i.e.,: plumbing did not function properly; windows leaked; hole in roof; tile improperly laid; parquet floor improperly installed; livingroom out of square; and rafters and bats and boards were of lumber of inferior quality; and that plaintiffs were damaged by reason thereof to the extent of $3,595.

It is further alleged that defendant corporations were the

*alter ego* of and were dominated by defendants Gordon and Starr. Defendants denied generally all of these allegations.

At the trial, without a jury, plaintiff Leslie King testified generally in reference to the transaction and related that certain representations claimed to have been made to him by Starr and Gordon were to the effect that the plumbing would be of a particular type, lumber would be kiln-dried, laborers would be paid highest wages in order to ensure first class workmanship; that after the building was completed and after he moved in on September 1, 1957, certain defects appeared indicating that the lumber was not kiln-dried, that it warped and cracked and the workmanship was defective in certain respects, that the bath-tub had been scratched and the walls of the living-room were not truly squared. He testified that he placed a cost of $3,595 as the damage or cost of repair.

The trial judge took over the examination of the witness, at some length, and indicated that the true rule of measure of damages was section 3343 of the Civil Code, i.e., that:

"One defrauded in the purchase, sale or exchange of property is entitled to recover the difference between the actual value of that with which the defrauded person parted and the actual value of that which he received, together with any additional damage arising from the particular transaction."

After some lengthy discussion, plaintiffs' counsel suggested that he be allowed time to procure an expert witness on the question of value and a continuance was granted. At the next hearing date, defendants' counsel offered a defense witness, out of turn, who testified that in his opinion the reasonable value of the completed house at the time plaintiffs purchased it was $28,000. On cross-examination of this same witness by counsel for plaintiff and the trial judge, the judge learned that there was another instrument, signed by plaintiffs on July 12, 1957, reciting:

"ACCEPTANCE AND RELEASE

"The undersigned Buyers and Seller agree as follows:

"Buyers have made inspection of the house located on Lot 20, Block 176, Coronado Estates Unit #1, known as Bedford Model, address: 421 Ocean Boulevard, Coronado, California, and acknowledge that said property is entirely acceptable to Buyers with the exception of the six items listed below (not here material).

"  .   .   .   .   .   .   .   .   .   .   .   .   .

"Buyers acknowledge that they are purchasing from the Seller a complete house, as is, and that the Seller is not acting

as a Contractor for Buyers in any manner, and Buyers accept said house in accordance with the terms of the Purchase Agreement and as provided herein."

It, as well as the original agreement, which referred to the above acceptance and release and made it a part thereof by reference, was received in evidence by consent. (12 Cal. Jur.2d 333, § 123.) Thereafter considerable discussion again ensued between the judge and plaintiffs' counsel as to the effect of this release instrument of July 12 in reference to the false representations claimed to have been made to plaintiffs by defendants, all prior to the date of the execution of this contract of purchase and so-called release. The allegation of the complaint is that the contract, which by reference includes this instrument, was secured under false and fraudulent representations which induced plaintiffs to enter into the agreement.

After further analysis of the effect of this agreement, when considered as a whole, the trial judge, in effect, invited defendants' motion for nonsuit, which was immediately made on the grounds (1) that there was no showing that the representations made were false; (2) that the instrument of July 12 conclusively establishes that plaintiffs are not entitled to recover because plaintiffs accepted the property "as is" and any prior oral representations claimed to have been made to plaintiffs by defendants were merged in the agreement.

Had the trial court granted the motion on the first ground mentioned, without giving plaintiffs further opportunity to prove their case, as requested by plaintiffs' counsel, the court would have been in error. (*Green* v. *Duvergey,* 146 Cal. 379 [80 P. 234].) Plaintiff might have been able to produce evidence supporting a judgment under section 3343, Civil Code. In considering a nonsuit, it is usually the duty of the court to permit plaintiff to supply the necessary evidence, if possible. (*Silva* v. *Holland,* 74 Cal. 530 [16 P. 385]; *Millar* v. *Millar,* 175 Cal. 797 [167 P. 394, Ann.Cas. 1918E 184, L.R.A. 1918B 415]; 16 Cal.Jur.2d 205, § 43.) There are certain exceptions to the general rule (*Dineen* v. *San Francisco,* 38 Cal.App.2d 486 [101 P.2d 736]) where it appears that whatever other evidence might be brought before the court, the result would be the same. See also *Skelton* v. *Schacht Motor Car Co.,* 22 Cal.App. 144, 146 [133 P. 504], and 16 California Jurisprudence 2d 206, section 44, where nonsuit was granted on the opening statement and such facts, if proved,

would not constitute a cause of action where plaintiffs concede that the evidence, if produced, would not be otherwise.

It is not indicated why plaintiffs signed the additional and incorporated agreement that they were purchasing a completed house, "as is," and that they would accept it in accordance with the terms of the purchase agreement. Apparently they now claim they were induced to sign these agreements by virtue of the fraudulent representations previously made. It may be possible that plaintiffs have some reasonable explanation for what appears to be an incongruous claim. (12 Cal.Jur.2d 335, § 124.)     There is a presumption that parties to a contract have contracted with reference to existing conditions known to. them. (*Standard Iron Works* v. *Globe Jewelry & Loan, Inc.*, 164 Cal.App.2d 108 [330 P.2d 271].)     Since the trial judge obtained these instruments from defendants' attorney (when apparently defendants intended to use them as a matter of defense) and received them in evidence as plaintiffs' exhibits, it seems only reasonable that plaintiffs should have had the opportunity of meeting this evidence before the trial court abruptly granted a nonsuit before plaintiffs had rested their case or indicated they could produce no further evidence by way of explanation.

In *Jordan* v. *Guerra*, 23 Cal.2d 469 [144 P.2d 349], it is held that where deception is practiced upon a claimant, a release signed by him must be construed as a settlement of those matters only as to which the minds of the parties met, and may not be considered to be in satisfaction of anything not consented to by him. (*Megee* v. *Fasulis*, 57 Cal.App.2d 275, 284 [134 P.2d 815].)     In *Chung* v. *Johnston*, 128 Cal.App.2d 157, 163 [274 P.2d 922], it is stated:

"As with other contracts, assent to a release is not real and free when obtained through fraud, and the release may be avoided if the facts are sufficient to bring the case within the provisions of the Civil Code defining fraud."

See sections 1542 and 1572, Civil Code, and *Jennings* v. *Petrol Corp.*, 87 Cal.App.2d 63 [195 P.2d 899]. (*Crawford* v. *Nastos,* 182 Cal.App.2d 659, 665 [6 Cal.Rptr. 425].)

Judgment reversed.

Shepard, J., and Coughlin, J., concurred.