[S. F. No. 12287.   Department One.—May 31, 1928.]

JOHANNAH FLACH, as Administratrix, etc., Respondent, v. CHARLES J. FIKES, Appellant.

J. Hampton Hoge for Appellant.

H. J. Bias, J. E. Gardner and Wyckoff & Gardner for Respondent.

CURTIS, J.—Action brought by the administratrix of the estate of Conrad Flach, deceased, under section 377 of the Code of Civil Procedure to recover damages from defendant by reason of the death of said deceased, alleged to have resulted from the negligence of said defendant in the operation of the latter's automobile. The trial was had before the court without a jury and resulted in a judgment in plaintiff's favor, from which the defendant has appealed.

Defendant's first contention is that the evidence fails to show that he was negligent in the operation of his automobile. There is no contention but that the defendant in driving his automobile collided with and struck the deceased, inflicting upon him fatal injuries from which he died a few hours thereafter. The collision occurred at about half-past 2

o'clock in the morning of January 8, 1922, on Soquel Avenue, a business street in the city of Santa Cruz. The deceased had just alighted from an automobile driven by F. K. Lang and was in the act of crossing said street to his residence when he was struck by defendant's machine. The question of defendant's negligence depended entirely upon the rate of speed he was traveling at the time he struck the deceased. He claims that his machine was traveling at that time between 14 and 15 miles per hour. In proof of this fact he testified that he brought his machine to a full stop within 35 feet after he struck the deceased. If this were so, it appears to be conceded that he was not exceeding the lawful rate of speed along said street at the time of the collision. On the other hand, it is the theory of the plaintiff that if he did not bring his machine to a stop substantially within said distance he was guilty of negligence in exceeding the lawful speed limit, which was 15 miles per hour on said street at the point where the collision occurred. There is ample evidence in the record that defendant traveled from 54 to 65 feet after his machine had struck the deceased and before he had brought it to a full stop. One witness put the distance at 70 feet. There were found on the street immediately after the collision in one place a number of pieces of broken glass which, the evidence indicated, came from one of the front lights on defendant's machine, which was broken as a result of the collision. There was also found some distance from these pieces of glass a pool of blood in the street, which evidently came from the deceased's body, after it had been dragged by defendant's machine from the point of the collision to the point where defendant brought his machine to a stop. This distance between the broken pieces of glass and the pool of blood was roughly measured by a number of persons on the morning of the collision, with the result that, though their testimony differed as to the exact number of feet between the two points, none of them gave it at less than 54 feet, while others placed it at a greater number. The trial court evidently adopted their statements regarding this distance and accordingly found that defendant was negligently driving his automobile at the time it collided with the deceased. The evidence was undoubtedly sufficient to sustain this finding.

■ The next contention made by appellant is that the evidence shows that the deceased was guilty of contributory negligence in attempting to cross Soquel Avenue in front of defendant's moving machine. Contributory negligence is an affirmative defense and it must be pleaded and proven by the defendant. Unless the evidence on the part of the plaintiff shows that the injured party was guilty of contributory negligence the defendant must show by a preponderance of the evidence that said injured party was guilty of such negligence. The evidence shows that the deceased alighted from Lang's machine and started to cross Soquel Avenue when he was struck by defendant's automobile. There is no evidence that he did not look in the direction of defendant's approaching machine before he attempted to cross the street. He may have done so, and believing that he could cross the street before defendant's machine reached the point where he was to cross, attempted so to do. This may or may not have been negligence on his part. It cannot be said that a person is guilty of contributory negligence merely because he attempts to cross a street when an automobile is approaching. If that were so he never could attempt to cross a street upon which automobiles are being operated, and consequently where there is almost always an approaching machine. He has a right to expect that those operating automobiles upon a public street will operate them in the manner and at the speed customary at the particular place. Whether such a person is guilty of contributory negligence in attempting to cross a street in front of an approaching automobile would depend upon all the circumstances under which he acted. This question is one for the determination of the jury or the trial court and their finding thereon is binding upon an appellate court (*Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 604 [93 Pac. 677]; *Clark* .v. *Bennett*, 123 Cal. 275, 277 [55 Pac. 908]; *Schneider* v. *Market Street Ry. Co.*, 134 Cal. 482, 488 [66 Pac. 734]). While the above authorities all deal with the rights and duties of a pedestrian in crossing a city street in front of an approaching street-car, we think the same rule should govern in the case of persons crossing in front of a moving automobile. As there is no proof that the deceased did not look in the direction of defendant's

approaching machine before he attempted to cross the street, we must assume that he did so. If he did he must have seen defendant's machine approaching him. He may well have reasoned that defendant was traveling at a lawful rate of speed and therefore he could cross the street before defendant's automobile would reach the point in the street over which deceased would be required to pass in crossing the same. Had defendant been traveling at a lawful rate of speed, decedent might have crossed the street in safety. Under the circumstances whether he acted negligently or not was for the trial court, and its findings as to his negligence will not be disturbed on appeal.

It was not error on the part of the trial court to admit in evidence testimony of witnesses that they observed skid marks on the street the morning of the collision. It is claimed by defendant that as these witnesses were not at the scene of the collision until four or five hours after it happened, their testimony was not admissible against him. We think there is but little, if any, merit in this contention. While the street was one of the business streets of said city the evidence shows that there had been no great amount of travel thereon between the time of the collision and the time when these witnesses observed the skid marks on the street. The objection of defendant would go more to the weight of this evidence than to its materiality or competency. If it were error, however, to admit this testimony, such error did not prejudice the rights of the defendant. He testified that immediately on striking the deceased he applied both his foot and emergency brakes; that his brakes were in good order and that he kept his brakes on until his car was brought to a full stop. From his evidence it is apparent that his car must have left skid marks on the street over which he traveled while his brakes were set. Then again, as we have already observed, the point where defendant's car struck the deceased was marked by a large number of broken pieces of glass and the point where the car evidently was brought to a full stop was indicated by a pool of blood. There was, therefore, ample evidence furnished by these objects on the street, aside from the skid marks, to furnish a basis of determining the distance the defendant's car traveled after striking the deceased. Proof that there were

skid marks on the street was not in any way essential to the establishment of plaintiff's case.

The judgment is affirmed.

Preston, J., and Seawell, J., concurred.