[Civ. No. 8011. First Appellate District, Division One.—February 1, 1932.]

GIUSEPPE DE NARDI, Appellant, v. G. A. PALANCA et al., Respondents.

374

J. W. Coleberd for Appellant.

Ross & Ross for Respondents.

THE COURT.—Appeal by the plaintiff from a judgment in favor of defendants in an action to recover damages for the death of plaintiff's minor child.

On Sunday, March 30, 1930, at about 10 A. M., the child, a girl aged seven years and eleven months, was struck by an automobile owned by defendant Palanca and driven by defendant Charles A. Powers, a minor. Riding with the latter were his parents, defendants R. A. Powers and Clara B. Powers. As a result of her injuries the child died on March 31, 1930. On the day of the accident defendant Palanca knowingly permitted defendant Charles A. Powers to use the automobile for the purpose of conveying his parents and himself from San Bruno to a park in that vicinity. They were proceeding through South San Francisco in a westerly direction along Grand Avenue, which is 50 feet in width between the curbs. A single track street-car line is maintained along the center line of the street in the block where the accident happened. The child resided with her parents on the north side of the street in the same block. According to defendant Charles E. Powers the automobile was traveling from 18 to 20 miles an hour, the left wheels thereof being a little to the south of the north rail of the street-car track, when the deceased ran out from between two automobiles parked near the north curb to a point five or six feet in front of the moving automobile, her course being to the south across the street. The witness further testified that before the child appeared he was watching the parked cars mentioned in order to see whether they were going to back away from the curb, anticipating that they might do so, and that he did not see the child until

375

she reached the point mentioned. When he saw her he applied the foot-brakes and turned the automobile to the right but was unable to avoid striking her. The motorman of an approaching street-car who witnessed the accident testified that the right-hand side of defendant's automobile immediately before the child appeared was three feet from the left-hand side of the parked cars and that the child ran out from between them; that when her course brought her into the path of the moving automobile its driver turned to his right, but the child, instead of continuing her course, stopped and turned back. According to this witness, had she proceeded onward the collision would not have occurred. The horn of the automobile was not sounded nor were the emergency brakes applied, and there was testimony that the pavement showed skid marks about 27 feet in length. It further appears that Powers was an experienced driver. The block, which was closely built up, was within a school zone but, as stated, the accident occurred on Sunday.

While as to some of the above matters there was a conflict in the testimony the facts stated are sufficiently supported by the evidence.

The action was tried before a jury, which returned a verdict for the defendants, and a new trial was denied.

Plaintiff contends that defendant Charles E. Powers was guilty of negligence as a matter of law; that neither the child nor plaintiff was guilty of contributory negligence, and that the court erred in its rulings upon the admissibility of certain evidence and in giving or refusing instructions offered by the parties.

■ A pedestrain is not precluded from recovering by reason of the fact that he was crossing the street between intersections (*Sheldon* v. *James,* 175 Cal. 474 [2 A. L. R. 1493, 166 Pac. 8]), and a driver of an automobile is bound to anticipate that he may meet pedestrians on the streets. He must keep a proper lookout and so operate his car as to prevent injuring them if in the exercise of due care on his part it is possible to do so. (*Reaugh* v. *Cudahy Packing Co.,* 189 Cal. 335 [208 Pac. 125]; *Rush* v. *Lagomarsino,* 196 Cal. 308 [237 Pac. 1066].) ■ On the other hand pedestrians must exercise reasonable care for their own safety, and in crossing between intersections greater care must be observed than when using an established crossing. If they

fail in the exercise of such care and thereby contribute proximately to the cause of any injury they may sustain at the hands of one having an equal right to use the highways they have no ground for complaint. (*Hatzakorzian v. Rucker-Fuller Desk Co.*, 197 Cal. 82 [41 A. L. R. 1027, 239 Pac. 709].)

The defense of contributory negligence may be invoked in an action brought by a parent for damages on account of his child's death where the latter was of an age sufficient to exercise discretion in the avoidance of injury (*Patania v. Yellow Checker Cab Co.*, 102 Cal. App. 600 [28 Pac. 295]; and the question of the capacity of a particular child to exercise care to avoid danger is ordinarily for the jury. (*Cahill v. E. B. & A. L. Stone Co.*, 167 Cal. 126 [138 Pac. 712].) Thus in the following cases, where the ages of the minors varied from eight to eleven years, the question was determined as one of fact (*Patania v. Yellow Checker Cab Co., supra; Moeller v. Packard*, 86 Cal. App. 459 [261 Pac. 315]; *Moss v. Stubbs*, 111 Cal. App. 359 [295 Pac. 572]), and there is nothing in the present case which enables us to say as a matter of law that the child was wanting in capacity to use ordinary care for her own safety.

As stated the accident happened on Sunday when, so far as shown, no persons were entering or leaving the school grounds; and we cannot say that the speed of the automobile constituted negligence as a matter of law (*Moss v. Stubbs, supra;* sec. 113, California Vehicle Act, as amended by Stats. 1927, p. 1436, sec. 30), nor, considering the suddenness of the danger created by the act of the child, that the driver was negligent in failing to apply the emergency brakes. (*Moeller v. Packard, supra.*)

It is the duty of the reviewing court to construe the evidence so as to support the verdict if it can reasonably be done (*Truitner v. Knight*, 83 Cal. App. 655 [257 Pac. 447]), and in view of the testimony we are satisfied that the conclusion of the jury that the driver was not guilty of negligence is fairly supported.

In the course of the examination of one of defendant's witnesses he was asked as to the number of cars parked near the curb, and the court suggested that the fact was already sufficiently established. Plaintiff contends that the court thus improperly commented on the evidence.

It has been held to be error for the court to comment upon the evidence; but here there was no dispute as to the number of parked cars, and the statement was harmless.

■ It is further claimed that plaintiff's counsel was denied the right in his opening statement to apprise the jury of the facts alleged in the complaint which were not denied in the answer.

While there is no impropriety in stating such facts to the jury at the commencement of the trial (*Knight* v. *Russ,* 77 Cal. 410, 414 [19 Pac. 698]), the stage of the proceeding when such matters shall be called to their attention is discretionary with the trial court, and we cannot say that there was an abuse of discretion in the present case. Moreover, it is not claimed that the admitted facts were not later brought before the jury.

■ The conductor of the street-car had testified that he visited the home of one De Paulis on one occasion after the accident. He was asked on cross-examination by plaintiff's counsel if anyone accompanied him, and if on that occasion he had any conversation with the plaintiff, both of which question were answered in the negative. Impeaching witnesses testified that the conductor on the occasion mentioned was accompanied by another person and that he did have a conversation with the plaintiff. The latter was permitted over objection to relate the conversation, but similar testimony by another witness who was present was excluded. No foundation was laid for any testimony regarding the alleged conversation with plaintiff, and the ruling was proper. (*Estate of Bedford,* 158 Cal. 145 [110 Pac. 302]; 27 Cal. Jur., Witnesses, sec. 134, p. 161.)

■ Several of the court's instructions referred to the defense that the negligence of plaintiff contributed proximately to the injuries of the child, and the jury was told that if it so found its verdict must be for defendants. It is claimed that there was no evidence of negligence on the part of plaintiff and that the instructions were consequently erroneous.

Parents are charged with ordinary care in the protection of their minor children; and where a parent sues in his own name for the death of his child the doctrine of contributory negligence on the part of the parent will apply. In *Daly* v. *Hinz,* 113 Cal. 366 [45 Pac. 693], it appeared that

a child seven years old was injured while playing on the street in front of his parents' home. There was no proof of the parents' contributory negligence other than the fact that the child was unattended on the street; and it was held that the question was one for the jury. The same rule was followed in *Fox* v. *Oakland Consol. Street Ry. Co.*, 118 Cal. 55 [62 Am. St. Rep. 216, 50 Pac. 25], and *Seperman* v. *Lyon Fireproof Storage Co.*, 97 Cal. App. 654 [275 Pac. 980], where the facts were similar to those in the case at bar.

█ In addition the jury was instructed as follows: "I instruct you that the amount of care to be exercised by a parent for the safety of a child is dependent upon the age and sex of the child, and upon the question whether dangers exist in the vicinity where the child is accustomed to play, and that such parent should exercise such a degree of care for the safety of his child as may be reasonably necessary to save her from such danger. If he fails to exercise such care he is guilty of negligence." It is claimed that by this instruction the jury was told that there were dangers in the vicinity of plaintiff's home from which he should have protected the deceased.

We do not so understand the instruction, as the jury was plainly told that the amount of care to be exercised by a parent depended upon the question whether there were danger and not that dangers existed.

█ The court refused two instructions offered by plaintiff which stated the provisions of section 1714 of the Civil Code, and subdivisions b, c and d of section 62 of the California Vehicle Act (as amended by Stats. 1929, p. 522, sec. 23) relative to the liability of owners of motor vehicles for death caused by their negligent operation by persons who operate the same with the owner's permission, the liability of persons who have signed an application for the issuance of operator's licenses to minors, and of parents for the negligence of their minor children who operate motor vehicles upon the public streets with their permission.

The offered instructions were correct statements of the law; but the jury was also instructed that if it found that the automobile was negligently operated, and such negligence was the proximate cause of the injuries to the deceased, then plaintiff was entitled to recover against defendants. This

instruction sufficiently covered the matters contained in both of those refused. Moreover, the substance of the second refused instruction was contained in another offered by plaintiff and given by the court in a modified form. Under such circumstances the refusal was not prejudicial.

■ An instruction defining proximate cause was also refused.

While it has been held that such an instruction is proper, nevertheless its refusal does not constitute reversible error where it is apparent that the meaning of the term was probably understood. (24 Cal. Jur., Trial, sec. 90, p. 824.) Here the term was used in other instructions in a way which could reasonably leave no doubt in the minds of the jurors as to its meaning. As was said in *Nichols* v. *Nelson*, 80 Cal. App. 590 [252 Pac. 739, 743]: " . . . the jury are presumed to possess ordinary intelligence and to understand the meaning and use of words in their common and ordinary application".

Several other instructions were refused, but as to these it will be sufficient to say that they were covered by others given, or that their refusal was not prejudically erroneous.

■ At the request of defendants the jury was also instructed as follows: "If you find that the plaintiff suffered no financial loss by reason of being deprived of the services of such child during her minority I instruct you that you cannot award any damages on that score."

It is claimed that this instruction conflicts with another given at plaintiff's request, stating that recovery was not limited to the comfort and services of the child during her minority, for the same might be enjoyed thereafter.

There appears to be no conflict between the instructions as the first does not purport to cover the total pecuniary loss suffered by plaintiff but only a loss of services during minority; and the jury was entitled to consider that a child of the age of the deceased might have been a source of expense during that period. (*Bond* v. *United Railroads*, 159 Cal. 270, 277 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366]; *Wiezorek* v. *Ferris*, 176 Cal. 353, 359 [167 Pac. 234]; *Fox* v. *Oakland etc. Ry. Co.*, *supra*.)

Under the constitutional provision (art. VI, sec. 4½) no judgment can be reversed unless after a review of the whole record, including the evidence, the court shall be of the

opinion that the errors complained of resulted in a miscarriage of justice. The implied findings of the jury are fairly supported, and the record discloses no error which would warrant a reversal.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 31, 1932.