[Civ. No. 647.   Fourth Appellate District.—January 4, 1933.]

THOS. S. EASTMAN, Respondent, v. W. E. RABBETH, Appellant.

Kidd, Schell & Delamer for Appellant.

Burton E. Hales for Respondent.

MARKS, J.—This is an appeal from a judgment for damages suffered by respondent, who, on November 30, 1930, was struck by an automobile being driven by appellant on a public street in the city of Redlands.

We are not assisted by the testimony of any eye-witness of the accident. Respondent, who was of the age of seventy-eight years, was rendered unconscious by the accident and only remembered that he had been walking on a public street in the city of Redlands. Appellant did not testify. After the accident he was adjudged insane and had not been restored to competency at the time of the trial. While the record is incomplete in this respect we assume from the allegations of the answer that he was represented by a guardian *ad litem* regularly appointed by the trial court.

The accident happened at or near the intersection of Cajon and Vine Streets in the city of Redlands. Cajon Street runs in a northwesterly and southeasterly direction.

Vine Street runs due east and west. Cajon Street is fifty feet wide between curbs with cement sidewalks fifteen feet in width on each side. A single-track line of a street railway runs along its center. At the southeast corner of the intersection the south curb of Vine Street joins the easterly curb line of Cajon Street on a broad return curve. At about the point where this curve joins the curb on Cajon Street there is a palm tree just inside the curb line and an electrolier about four and one-half feet northerly from the palm. Another palm and electrolier are similarly situated directly across from them on the westerly side of Cajon Street.

Police officers of the city of Redlands appeared on the scene of the accident immediately after it happened. They found respondent lying on the pavement, his body in a line diagonal to the railroad tracks, his head ten feet six inches easterly from the center line of Cajon Street and about six inches to the rear of the front bumper and slightly to the west of the left front fender of appellant's automobile, which had been turned somewhat toward the easterly curb of this street. From this evidence we take it appellant was driving northerly on Cajon Street at the time of the accident. There were cuts and abrasions on respondent's face but not on any other part of his head.

The only other evidence bearing upon the manner in which the accident happened were the somewhat conflicting statements made by appellant. He stated he was driving at about fifteen miles per hour and did not see respondent in time to avoid hitting him. He also stated that respondent stepped out from behind a palm tree. We are not informed which of the two palm trees already mentioned he referred to in making this statement and cannot determine in which direction respondent was proceeding across Cajon Street at the time of the collision.

The accident must have happened at a point more than fourteen feet six inches westerly from the easterly curb line of Cajon Street and the palm tree on that side of the street and more than twenty-five feet easterly from the westerly curb line and the palm tree there.

We know that few vigorous men walk as fast as five miles an hour, or one-third the speed at which appellant said he was traveling. If respondent was crossing Cajon

Street in a westerly direction, appellant must have been forty-five feet or more from him when he stepped from the curb line into the roadway. If respondent was walking in an easterly direction appellant must have been more than seventy-five feet from him when he entered the roadway.

If appellant saw respondent step from behind one of the palm trees into the roadway he should have realized at that time that there was danger of an accident happening. If he did not see respondent until just before the impact, he could not have been watching the roadway over which he was traveling.

Appellant relies upon two grounds for a reversal of the judgment. He maintains that the evidence fails to show him guilty of any negligence and shows respondent guilty of contributory negligence as a matter of law. We have concluded that the evidence supports the implied finding of the jury that appellant was guilty of negligence that proximately caused the accident and that respondent was free from contributory negligence.

It is the duty of a driver propelling his automobile over a street of a city to anticipate the presence of pedestrians upon the roadway over which he is traveling and "he must, in order to avoid a charge of negligence, keep a proper lookout for them and keep his machine under such control as will enable him to avoid a collision with another person using proper care and caution, and if the situation requires he must slow up and stop". (*Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82, at p. 100 [239 Pac. 709, 715, 41 A. L. R. 1027].)

The question of the contributory negligence of respondent is settled by the case of *Tieman* v. *Red Top Cab Co.*, 117 Cal. App. 40 [3 Pac. (2d) 381, 383], where it is said: "In absence of contrary evidence, it must be presumed that he (the injured party) used ordinary care for his own safety and that, in so doing, he looked."

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.