[Civ. No. 9089. First Appellate District, Division One.—July 27, 1934.]

MICHAEL MAHONEY, Appellant, v. JAMES MURRAY, Respondent.

W. I. Follett for Appellant.

Maurice J. Rankin and Langton A. Madden for Respondent.

THE COURT.—Action for damages for personal injuries. The case was tried before a jury. Judgment went in favor of defendant, and plaintiff appeals upon the ground that the jury was erroneously instructed.

The accident occurred on the highway near the city of Palo Alto. The highway at this place is forty feet wide with four lanes designated by three white lines. Vehicles traveling in a northerly direction used the two lanes on the easterly side of the highway, and vehicles going in a southerly direction used the two lanes on the westerly side. Appellant was a pedestrian attempting to cross from the east side to the west side of the highway. Respondent was driving an automobile in a northerly direction on the highway and in the traffic lane on the east side thereof commonly called the slow lane.

Appellant testified in substance that in walking across the highway he saw and watched respondent's automobile approaching some 150 feet to his left and as he believed he had passed in front of it he turned his attention to another automobile coming from his right and was struck by respondent's car when in the middle of the four traffic lanes. Respondent testified in substance that appellant ran across the highway in front of his car and apparently seeing another automobile passing that of respondent's on his left turned about and ran back toward the east side of the highway directly in front of respondent's car and was struck; that at the time of the impact respondent was traveling at about ten miles an hour. The cause was tried by the court with a jury. A verdict was returned in favor of the defendant and judgment was rendered accordingly. From such judgment plaintiff brings this appeal. Some fifty-one instructions were given by the trial court to the jury and appellant claims four of these to be erroneous.

It is first argued that the instruction numbered forty-one is erroneous. It is as follows: "I instruct you that

where the proof considered as a whole is even as to whether the plaintiff was at fault, or the defendant was at fault, then in that event I instruct you that the plaintiff has not made out his case, and it is your duty to return your verdict against the plaintiff and in favor of the defendant.'' It is contended that this is a formula instruction directing a verdict in favor of defendant under the circumstances therein recited and that as it omits any reference to the essential element of proximate cause it is erroneous. Formula instructions which purport to recite the facts of a case and direct the findings of a verdict in accordance therewith, but which omit essential elements constituting a complete defense to the action, have been repeatedly criticised by the courts. The challenged instruction omitted any reference to the element of proximate cause and failed to instruct on the burden of proving contributory negligence. In other instructions, however, the jury was fully and fairly instructed on the subject of proximate cause and contributory negligence. In view of the clear and correct instructions given to the jury on the omitted essential elements we are unable to say that the jury was misled by the challenged one. (*Douglas* v. *Southern Pac. Co.*, 203 Cal. 390 [264 Pac. 237]; *Barham* v. *Widing*, 210 Cal. 206, 216 [291 Pac. 173]; *Reuter* v. *Hill*, 136 Cal. App. 67 [28 Pac. (2d) 390].) There is a disposition to relax the rigid application of the rule regarding formula instructions announced in some of the earlier cases. (*Reuter* v. *Hill, supra.*)

The next instruction complained of is as follows: ''I again instruct you that before the plaintiff is entitled to recover, he must convince you by a preponderance of the evidence that plaintiff's injuries were caused *solely* and proximately by the negligence of the defendant, and not otherwise, and if plaintiff has failed to so convince you it is your duty to return your verdict in favor of the defendant.'' (Italics ours.) It is claimed that this is also a formula instruction and is erroneous for the reason that the law does not require the defendant's negligence shall be the *sole* cause of plaintiff's injuries, but all it does require is that the negligence in question shall be the proximate cause. In four other instructions the jury was told that plaintiff was entitled to a verdict upon negligence of defendant proximately causing or proximately contributing to the

injuries of plaintiff. Under these circumstances the jury must have understood that defendant was liable if he was negligent and such negligence was the proximate cause of the injury. (*Schatte* v. *Maurice,* 116 Cal. App. 161, 167 [2 Pac. (2d) 489].)

In the next challenged instruction the court instructed the jury that it was the duty of the plaintiff in attempting to cross the highway to look both ways for automobiles and other vehicles before starting to cross the road and if he failed to do this he was guilty of negligence, and if his failure to look for automobiles and other vehicles before attempting to cross the road proximately contributed in any degree to the accident which occurred then he could not recover. Appellant claims this instruction to be erroneous in that it required him to continue to be watchful of all traffic and vehicles on the street. Plaintiff, as above indicated, was walking from the east to the west side of the main highway. It was after dark and at a place other than an established crosswalk or pedestrian lane. Vehicles approaching him were coming from the south and also from the north. Appellant testified that he crossed the highway from the first traffic lane, when he looked to his left and saw respondent's car coming about 300 feet away; that he then walked across the first traffic lane, looking to the south and watching the oncoming car until he reached the first white line, at which time the car was 150 feet away and in the first traffic lane; that it appeared to him that he had passed in front of the oncoming car and was out of its way; that he then turned his gaze to the right and walked to the second white line; that while crossing the second traffic lane he was looking to the north, watching a car going south in the fourth traffic lane until it passed in front of him. Under these circumstances appellant claims the challenged instruction was a peremptory one to find in favor of the defendant. As above indicated there was other testimony to show that appellant, after he had passed safely in front of the path of respondent's car, turned around and retraced his steps, placing himself in front of respondent's approaching car. While a pedestrian is not precluded from recovering by reason of the fact that he was crossing the highway between intersections, he must exercise reasonable care for his own safety, and where the crossing is made

between intersections greater care must be observed than when using an established crossing, and if he fails in the exercise of such care and thereby contributes to the cause of the injury he has no ground for complaint. (*De Nardi* v. *Palanca*, 120 Cal. App. 371 [8 Pac. (2d) 220].) Whether plaintiff under all the circumstances used sufficient care for his own safety in crossing the highway was a question for the jury. The trial court gave seven different instructions upon the question of the duty of a pedestrian crossing a highway to look for danger. They fully and fairly state the law on the subject. The court also instructed the jury that it was its duty to determine from all the circumstances whether or not appellant had exercised a proper degree of care for his own safety.

█ And, finally, it is contended that the fourth challenged instruction was erroneous because it stated that the accident occurred in a forty-five mile zone, and the defendant was not exceeding such speed limit, whereas the accident happened in a fifteen mile zone and there was evidence from which the jury might have found that defendant was driving faster than forty-five miles per hour. There is no merit in this claim. At the trial appellant made no attempt to prove that respondent violated the speed limit. The evidence without conflict shows that the highway was unobstructed and in a forty-five mile zone.

There is nothing in the giving of the complained of instructions that constituted prejudicial error. The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 25, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 24, 1934.