[Civ. No. 9509.   Second Appellate District, Division Two.—March 29, 1935.]

EMMA F. GASTON et al., Respondents, v. HISASHI TSURUDA, Appellant.

640

Paul Nourse and Forrest A. Betts for Appellant.

John B. Haas and John D. Home for Respondents.

WILLIS, J., *pro tem.*—This is an appeal from a judgment for damages arising from a collision between a pedestrian and an automobile truck. Plaintiffs charged negligence of defendant and the latter denied any negligence on his part and pleaded contributory negligence. The court, sitting without a jury, found that the collision and injuries were occasioned by the negligence of defendant without any

negligence of plaintiffs contributing thereto. Appellant contends that the evidence conclusively shows that plaintiff Emma F. Gaston, the only plaintiff personally injured, was guilty of negligence proximately causing the accident, and that defendant was not guilty of any negligence proximately causing the same.

The evidence is without dispute or conflict as to all essential facts, except the usual variation in estimates of speed, and tells the following story: At about 5:45 o'clock P. M. of October 27, 1932, Emma F. Gaston, aged 72 years, active and with good sight and hearing, and her husband, F. E. Gaston, aged 74 years, stepped off the rear steps of a southbound street-car into a safety zone on Central Avenue at its intersection with 84th Street, in Los Angeles. At that point Central Avenue was 66 feet wide and 84th Street was 36 feet wide between curbs. The safety zone was 55 feet in length from the north property line of 84th Street and extended northward beside the street car track. Its easterly line was 42½ feet from the curb on the east side of Central Avenue. There was a pedestrian crosswalk marked with lines on the pavement at the north side of the intersection in question. When the street car moved away to the south, plaintiffs started, side by side, directly for the east curb of Central Avenue. They saw headlights of two automobiles approaching from the south about two blocks away. It was dusk and the street lights were lit. After progressing some 10 feet into the east half of the street beyond the double car tracks, plaintiffs saw the automobiles were then about a block away. At this point the husband spoke to his wife to wait and see which way the automobiles would go, but she appeared not to hear him. She was then about three feet in advance of her husband and was ''looking all the time back and forth'' and ''kept watching the lights'' of the automobiles. She thought she had plenty of time to cross in front of them, but as she was nearing the curb she saw they were coming so rapidly that she started to increase her speed so as to reach the sidewalk. She saw one of the machines change its course and go back of her on the street car tracks, and the next thing she knew she was struck by the other, it being the Chevrolet stake body truck operated by defendant, and found herself lying on the pavement.

The impact of the truck with Mrs. Gaston carried her about 10 feet, and the truck stopped within 10 or 15 feet of the point of impact, the rear wheels opposite to Mrs. Gaston's position on the pavement. The point of impact of Mrs. Gaston was on the side of the left front fender of the truck, and she was walking at the time toward the curb.

The defendant's truck approached the scene of the collision, with headlights functioning, at a speed variously estimated from 25 to 40 miles per hour, on its right side of the road; and when in the center of the intersection defendant first saw the plaintiffs and cried out, "Stop", and "There is danger", and turned the truck to its right, applied the brakes and ran the right front wheel over against the curb, which prevented its going on to the parkway and sidewalk as he intended. The truck stopped with its rear wheels 64 feet north of 84th Street. After the accident skid marks were measured from the rear wheels of the truck where it had stopped, that from the right wheel extending backward 25 feet, beginning 28 feet north of the north curb line of 84th Street, and that from the left wheel extending 3½ feet, beginning 44 feet north of that line. The truck was equipped with two-wheel brakes. The territory in which the accident happened was open road, there being no evidence to show it was either residence or business district or that there was any obstruction to the view of a driver in approaching the intersection, or that there were any traffic signs or signals at that place.

██ Where the facts relating to a subject of controversy are clear and undisputed, and susceptible of supporting but one rational inference, the matter becomes one of law which an appellate court has power to determine. ██ The evidence herein, considered in the light most favorable to respondents, fails to show any act or omission of appellant in the operation of his truck on the occasion in question which can be translated into negligence. The sole ground of such negligence containing any support whatever consists in the proof of speed. The speed shown did not exceed in miles per hour any of the limits fixed by the California Vehicle Act, and there is no evidence herein showing that the speed of the truck in approaching the intersection or crossing it, or in approaching plaintiffs'. course across the street, constituted negligence. And the evidence shows without dispute

that defendant had the right of way, to be exercised by him with due care (sec. 131½, Cal. Vehicle Act), and that upon seeing the plaintiffs and their impending danger he did everything reasonably required and possible to avoid injuring them. ▆ The burden was cast on plaintiffs to establish the fact that speed of the defendant's truck constituted negligence proximately causing the accident (sec. 113, Cal. Vehicle Act), but there was a complete failure so to do.

▆ We are also of the opinion that the facts of this case show affirmatively that plaintiff Emma F. Gaston failed to use due care, and that her failure in this respect was the proximate cause of the injuries complained of. A pedestrian can be so careless that his conduct is negligence as a matter of law. (*Burgesser* v. *Bullock's*, 190 Cal. 673 [214 Pac. 649].) ▆ He must exercise reasonable care for his own safety, and in crossing between intersections must observe greater care than when using an established crossing. If he fails in the exercise of such care and thereby contributes proximately to cause the injuries he may sustain at the hands of one having an equal right to use the highways, he has no ground for complaint. (*De Nardi* v. *Palanca*, 120 Cal. App. 371 [8 Pac. (2d) 220].) ▆ Section 131½ of the California Vehicle Act requires every pedestrian crossing a roadway at any point other than within a marked or unmarked crosswalk to yield the right of way to vehicles upon the roadway. This cast a duty upon plaintiff herein which she failed to discharge. She testified that she watched the automobile approaching, yet she did not yield the right of way by stopping where she could have been safe, but continued forward and actually walked into the side of the moving truck while its driver was vainly trying to avoid her. She and her husband started to cross the street under even circumstances. Each saw what the other saw. The husband was prudent and careful and escaped all harm. The wife was injured in the manner above described. The only conclusion that can be reached from the evidence is that she either failed to properly watch the oncoming automobile or that she did watch it and for some inexplicable reason walked directly up against it as its front crossed her course. Under either theory she failed to use due care, which precludes her right to a recovery. (*Spring* v. *Tawa*,

49 Cal. App. 1 [192 Pac. 1051]; *Horton* v. *Stoll,* 3 Cal. App. (2d) 687 [40 Pac. (2d) 603].)

The judgment is reversed.

Stephens, P. J., and Crail, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1935.

Curtis, J., voted for a hearing.