[Civ. No. 11795. Second Appellate District, Division One.—July 31, 1939.]

SARAH J. BUSHEY, Appellant, v. GEORGE RIGBY, Respondent.

Glenn M. Hershner for Appellant.

Schell & Delamer for Respondent.

YORK, P. J.—This is an appeal by the plaintiff from a judgment rendered by the trial court sitting without a jury, wherein the court found that the defendant "carelessly and negligently drove and operated his automobile so that it was caused to collide with the plaintiff, and that the plaintiff sustained certain injuries as the result of coming in contact with said defendant's automobile . . . that the plaintiff, Sarah J. Bushey, was herself careless and negligent and failed to use that degree of care and caution for her own safety which would have been used under similar circumstances by an ordinarily prudent person, and that plaintiff

negligently and carelessly left a position of safety and carelessly and negligently walked onto the boulevard and into the path of defendant's oncoming vehicle, and failed to yield the right of way to the automobile at a time when she was endeavoring to cross such street at a place other than a crosswalk, and that each and all of said careless and negligent acts on the part of the plaintiff proximately contributed to the happening of the accident and the injuries she sustained''. ·

Appellant urges that there was no showing of contributory negligence on her part; that the evidence is insufficient to justify the decision and that the decision is contrary to law.

The accident occurred between the hours of 6 and 7:30 o'clock on the evening of February 15, 1937, at a point on Van Nuys Boulevard 250 to 300 feet north of its intersection with Van Owen Street, which is about three-quarters of a mile north of the city of Van Nuys. Said boulevard runs in a general northerly and southerly direction and is divided into two lanes, each of which is 28 feet in width, by the Pacific Electric Railway Company's private right of way which traverses the center of said boulevard. Appellant was living on the west side of the boulevard and on the evening in question she left her house to go to a certain drug store located on the opposite side of the highway a distance variously estimated as between 50 and 120 feet north of the northeast corner of Van Nuys Boulevard and Van Owen Street. Appellant crossed the westerly half of Van Nuys Boulevard and also the railway right of way, and then waited on the westerly curb of the easterly half of the boulevard for an automobile to pass. While so waiting, she testified that she noticed respondent's automobile, which was traveling in a northerly direction toward the point where she was standing, make a zigzagging motion. She testified that the car made one zigzag in the fifty feet south of the drug store, made another zigzag opposite the drug store, at which time it was very close to the west curb on the east half of the boulevard; that respondent then straightened his course and continued in a straight line for about fifty feet, and when said car was about 125 feet south of the point where she was standing, appellant stepped down from the curb and walked about two feet onto the highway. When respondent's car was about

75 feet from appellant, it again swerved to the left toward her, whereupon she turned to retrace her steps, but before reaching the curb she was struck by respondent's car thereby sustaining serious and painful injuries. According to one witness, respondent's car after striking appellant jumped the curb and traveled through soft plowed ground on the railway right of way a distance of approximately 132 feet before coming to a stop. The night was dark and there were no lights at the point of the impact, the nearest lights being those in the drug store on the east side of the boulevard which sets back about 120 feet from the highway.

With respect to her realization of the existence of danger as she waited on the curb watching respondent's car appellant on cross-examination testified as follows: ''Q. Now, as you were standing upon the right of way you noticed the car was zigzagging? A. Yes, sir. Q. And you felt that there might be some danger of that car coming down that road? A. I did not know whether it would be there or not. After the car got in the car lane again I didn't know whether he would just go right on down or whether he would do the same thing or not. I didn't know. Q. In other words, you were wondering whether he might do the same thing over or whether he would go straight down? A. Yes. Q. And that was, of course, before you stepped down from the curb? A. I stepped down from the curb when he was back in the car lane again. Q. Yes. But I mean, after you noticed him driving straight you were still wondering whether he might do this same thing over again? . . . A. Well, I didn't know whether he would or not. I was just undecided. Q. You were undecided. And you were still undecided about that when you stepped off the curb into the street, weren't you? A. I didn't go any further than the two feet, but I was watching for him. . . . Q. . . . . You were still undecided about whether he was going to zigzag again? A. Yes, I didn't know whether he would zigzag or not again. Q. When you stepped off into the street? A. Yes. . . . Q. How far did he go in a straight line from the point where you stepped down to the point where he swerved toward you? A. Well, I said approximately 50 feet . . . I am not sure of that exactly. Q. In other words, after you stepped down he traveled about 50 feet in a straight line? A. In a straight line, yes. Q. And then he suddenly swerved? A. Toward me.''

The witness Suess testified that respondent passed the car in which said witness was riding at a point about 200 feet south of the drug store "and the motion was a little haphazard"; that respondent had to zigzag "had to go around, you know, he had to go around in front of us . . . there was a little uncertainty about it, a zigzag motion".

Respondent testified that he was driving in a northerly direction at a speed of 35 or 40 miles per hour in the middle of the east half of Van Nuys Boulevard, and that he saw appellant 50 or 60 feet ahead of him, "when she got into view of my lights . . . more toward the middle of the street than she was to the west side . . . and to avoid hitting her I swerved to the left . . . when I started swerving to the left she started back to the west curb in the path or direction my car was going . . . I cut it as hard as I could and just about then I hit the curb . . . I didn't even know I hit the woman until I got out of my car and went back and saw her lying in the street. . . . when I saw her in the street there before I went over the curb I didn't exactly know if I had hit her or not and of course I went back to see what happened." Respondent denied that he was zigzagging at the time the accident occurred; and said the only dent he discovered in his car that night was a place about four or five inches up from the running board on the back right fender.

The witness Griffin, who was driving south on the west half of the boulevard which lies west of the railway right of way, testified that appellant was lying in the street six or seven feet out from the curbing; that he looked at respondent's car and there were no dented places on it except a place about knee-high on the right rear fender. The witness Mc-Culley testified that he saw appellant lying in the street six or seven feet from the west curb and helped to move her closer to the said west curb.

■ Appellant contends that the facts in this case are undisputed that respondent was guilty of negligence which was the proximate cause of appellant's injuries, "and that there is no inference from the evidence that appellant was guilty of contributory negligence, therefore, the question of contributory negligence is one of law, which should be decided in favor of appellant". In support of this theory, appellant quotes from the case of *Hanson* v. *Cordoza,* 106 Cal.

App. 500, at 502 [290 Pac. 62]: "When the facts are clear and undisputed, and when no other inference than that of negligence or contributory negligence can be drawn from such facts, then and only then, is the question of negligence or contributory negligence one of law."

In the case of *Flach* v. *Fikes*, 204 Cal. 329, at 332 [267 Pac. 1079], it is stated: "Contributory negligence is an affirmative defense and it must be pleaded and proved by the defendant. Unless the evidence on the part of the plaintiff shows that the injured party was guilty of contributory negligence the defendant must show by a preponderance of the evidence that said injured party was guilty of such negligence. . . . It cannot be said that a person is guilty of contributory negligence merely because he attempts to cross a street when an automobile is approaching. If that were so he never could attempt to cross a street upon which automobiles are being operated, and consequently where there is almost always an approaching machine. He has a right to expect that those operating automobiles upon a public street will operate them in the manner and at the speed customary at the particular place. Whether such a person is guilty of contributory negligence in attempting to cross a street in front of an approaching automobile would depend upon all the circumstances under which he acted. This question is one for the determination of the jury or the trial court and their finding thereon is binding upon an appellate court. (*Scott* v. *San Bernardino Valley etc. Co.*, 152 Cal. 604 [93 Pac. 677]; . . . *Clark* v. *Bennett*, 123 Cal. 275, 277 [55 Pac. 908]; . . . *Schneider* v. *Market Street Ry. Co.*, 134 Cal. 482, 488 [66 Pac. 734].)"

Under the facts revealed by the record herein, it was obviously a question of fact for the determination of the trial judge whether appellant was contributorily negligent when she stepped off the curb in the face of the erratic manner in which, according to her own testimony, respondent was operating his automobile. The trial court having decided the question against her, this court is now powerless to intervene.

The evidence is sufficient to justify the trial court's decision.

For the foregoing reasons, the judgment is affirmed. The appeal from the order denying appellant's motion for new trial is dismissed.

Doran, P. J., and White, J., concurred.