[Civ. No. 11157.   First Appellate District, Division One.—August 31, 1940.]

FRANK CASALEGNO, a Minor, etc., et al., Respondents, v. WILFRED A. LEONARD, Jr., et al., Appellants.

Weinmann, Quayle & Berry for Appellants.

Murphy & Hall for Respondents.

WARD, J.—An appeal by defendants from a judgment awarding plaintiff Frank Casalegno, a minor, damages for personal injuries, and his father, George Casalegno, consequential damages.

The injuries were the result of an accident which occurred at about 8:15 P. M. on July 2, 1938, in Soquel, on the Santa Cruz-Watsonville road, the central concrete portion of which at the place of the accident was sixteen feet wide, with the usual marked dividing line in the middle, and abutting paved shoulders each approximately ten feet wide. The plaintiff minor, accompanied by a boy friend, had just been involved in a rear-end collision with another car, the driver of which had parked on the north side of the road, to which point plaintiff minor and his friend proceeded, from across the roadway where they had parked their car, for the purpose of talking to him about the matter. On their way back to their car, plaintiff minor was struck and injured by an automobile driven by Wilfred A. Leonard, Jr., also a minor, who had with him a young girl friend. On the date of the accident the sun set at 7:30 P. M.

The questions involved are as follows: Was the evidence legally sufficient to support a finding that the driver of the automobile was negligent? Was the pedestrian guilty of contributory negligence as a matter of law? Was the jury misdirected to the prejudice of the defendants?

The contention of respondents that appellant minor was negligent is predicated upon the speed of his car, its position on the roadway, and that he was driving without lights. The evidence on all three of these points is conflicting. There is evidence that the car was operated at a speed of forty to forty-five miles an hour; it was admitted that it was operated at twenty-five miles an hour. There is evidence in the record regarding skid marks, from which an inference may be drawn that the car must have been at least slightly over on the left half of the road as indicated by the white line. This conclusion could be reached by extending the skid marks to a position the car must have occupied just prior to a swerve to the right made by defendant before the impact. Some of the witnesses were positive the lights were on; others equally positive they were not. It was the duty of the jury to weigh the evidence relative to speed, the position of the car and the absence of lights, and to determine therefrom whether the defendant driver was negligent. If the evidence is conflicting, as appears in this case, the appellate court may not interfere.

Appellants emphasize that a greater *quantum* of care was required of plaintiff minor due to the fact that he was

not crossing the roadway at an intersection or marked pedestrian lane. *Quantum* of care is measured by the exigency of the occasion. Plaintiff minor testified that he looked both ways, before and while proceeding on his way across the road. If, as indicated by the implied findings, the oncoming car was operated partly on the wrong side of the road, or without lighted headlamps, or at a speed greater than was reasonable and prudent under the circumstances, then it was the duty of the jury to consider whether the care used by plaintiff minor was commensurate with the hazard of crossing the road other than at an intersection. An inference either way could be drawn from the evidence in the case. Under such a condition we may not say that plaintiff was guilty of contributory negligence as a matter of law. In *Brannock* v. *Bromley,* 30 Cal. App. (2d) 516, 524 [86 Pac. (2d) 1062], the court said: ''The duty of a pedestrian to 'yield' the right of way while crossing a street other than a regular crosswalk, as imposed by section 562 of the Vehicle Code, may call for a higher degree of care upon the part of such pedestrian than would be applied to one crossing at a regular crosswalk, but the question as to whether or not such care was exercised in a given case is one for the jury, unless he is so careless that it can be said he is negligent as a matter of law.'' ■ Contributory negligence is a matter of law only when no other inference may be drawn from the facts. (*Flach* v. *Fikes,* 204 Cal. 329 [267 Pac. 1079]; *Bushey* v. *Rigby,* 34 Cal. App. (2d) 41 [92 Pac. (2d) 1032].)

■ Prejudicial error is urged in the giving of instructions as to driving on the right half of the roadway as close as possible to the right-hand curb or edge (Vehicle Code, sec. 525); the location of headlamps on motor vehicles (Vehicle Code, sec. 619); the *quantum* of care required of a pedestrian crossing at a point other than a street intersection. Appellants also complain that another instruction omits the test of ordinary care, thus placing the operator in a legal position where he must avoid all accidents, and taking away from the jury the determination of the question of negligence.

The evidence discloses that if the defendant minor was not driving partly on the left half of the road, he was, just prior to the impact, at least very near the middle thereof. Under such circumstances the court was justified in presenting the instruction under the provisions of section 525, *supra.* ■

Section 619, *supra*, was given in conjunction with section 618 of the Vehicle Code setting forth the conditions under which vehicles shall be equipped with lighted lamps. Assuming that there was no real issue as to the location or number of lamps on the car, still the question as to whether they were lighted was a vital issue, and no prejudicial error appears as the result of apprising the jury how many headlights were required, and their proper positions on the vehicle.

Relying upon *Riggs* v. *Gasser Motors*, 22 Cal. App. (2d) 636 [72 Pac. (2d) 172], appellants object to an instruction as to the duty of an operator of a vehicle to keep it under such control as to avoid collisions with pedestrians; that the driver must be vigilant and anticipate the presence of others upon the roadway, and, if necessary, slow down and stop. In the Riggs case, the court (p. 639) said: " . . . we may admit that the instruction is deficient", but a similar instruction was submitted by the defendant in that case and the court did not further discuss the objections. The instruction herein omits the clause that the actions of the driver are to be tested by the rule of ordinary care, but an ordinary care instruction was given and was referred to in other instructions. The rule enunciated in the instruction has been approved, in discussing factual situations, in *Hatzakorzian* v. *Rucker-Fuller Desk Co.*, 197 Cal. 82 [239 Pac. 709, 41 A. L. R. 1027]; *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125]; *Mathews* v. *Dudley*, 212 Cal. 58 [297 Pac. 544]; *Flynn* v. *Kumamoto*, 22 Cal. App. (2d) 607 [72 Pac. (2d) 248]; *Eastman* v. *Rabbeth*, 128 Cal. App. 534 [17 Pac. (2d) 1009].

The law applicable to this case is well stated in *De Nardi* v. *Palanca*, 120 Cal. App. 371, 375, 376 [8 Pac. (2d) 220], where the court said: "A pedestrian is not precluded from recovering by reason of the fact that he was crossing the street between intersections . . . , and a driver of an automobile is bound to anticipate that he may meet pedestrians on the streets. He must keep a proper lookout and so operate his car as to prevent injuring them if in the exercise of due care on his part it is possible to do so. . . . On the other hand pedestrians must exercise reasonable care for their own safety, and in crossing between intersections greater care must be observed than when using an established crossing. If they fail in the exercise of such care and thereby contribute proximately to the cause of any injury they may sustain at the

hands of one having an equal right to use the highways they have no ground for complaint."

Defendants requested, and the court refused, the following instruction: "A pedestrian who crosses a street at other than a regular street crossing is required to exercise a greater *quantum* or amount of care in so doing than is required of one crossing at an intersection, in order to be free from negligence." In this instruction, the defendants have confounded "intersection" with "crosswalk". As defined by Vehicle Code section 86, " 'Intersection' is the area embraced within the prolongation of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways, of two highways which join one another at approximately right angles or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict." A "crosswalk", as defined by section 85, Vehicle Code, is either "That portion of a roadway ordinarily included within the prolongation or connection of the boundary lines of sidewalks at intersections where the intersecting roadways meet at approximately right angles, except the prolongation of any such lines from an alley across a street." or "Any portion of a roadway distinctly indicated for pedestrian crossing by lines or other markings on the surface." The care to be used by a pedestrian is ordinary care, and the amount thereof should be commensurate with the hazard undertaken.

Given in the form as tendered, the jury might have understood that more than ordinary care was required. Assuming that the court could have modified the instruction to conform with the view expressed in *Mahoney* v. *Murray*, 140 Cal. App. 206 [35 Pac. (2d) 612], that is "reasonable care", its failure to do so was not error. The court substantially covered the subject in other instructions.

The jury was instructed in substance that it was the duty of the plaintiff minor to yield the right of way to vehicles at any point other than within a marked or unmarked crosswalk; that the defendant driver had the immediate legal right to the use of the highway. In addition, the jury was instructed as follows: "If you find from the evidence that at any time before plaintiff Frank Casalegno collided with the automobile, that he could, by the exercise of ordinary care, have placed himself in a position of safety had he known of the approach of such automobile, and if you further find that he could have

known of the approach of said automobile by exercising ordinary care and failed to do so, then your verdict in such event must be for the defendants, provided you further find that the failure of said plaintiff so to do proximately contributed in any degree to cause the accident and injuries, if any, to said plaintiff.''

In their closing brief appellants stress the use, in respondents' brief, of the word ''highway'' instead of ''roadway''. An examination of the instructions shows that the court in one instance used the word ''highway'' instead of ''roadway''. As used in the Vehicle Code, ''highway'' and ''roadway'' are not synonymous. (*Mecchi* v. *Lyon Van & Storage Co.*, 38 Cal. App. (2d) 674 [102 Pac. (2d) 422].) At times the distinction becomes important, but we are not convinced that the jury in this case understood from the instructions given that it was the duty of the defendant minor to drive his car on the right-hand edge of the road; that is, on the shoulder thereof. Such duty is imposed under certain conditions not necessary to mention here. It must be assumed that the jurors were persons of ordinary intelligence and that they were not misled by the misuse of the word ''highway''.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 30, 1940, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 28, 1940.