[Civ. No. 2466.   Fourth Appellate District.—December 5, 1940.]

NATIONAL AUTOMOBILE INSURANCE COMPANY (a Corporation), Appellant, v. LILLIAN CUNNINGHAM, Respondent.

Lowell E. Lathrop, Walter S. Coen and Donald E. Ruppe for Appellant.

Kenneth J. Murphy and Harry H. Parsons for Respondent.

MARKS, J.—This is an appeal from a judgment entered in favor of defendant after the trial judge had granted her motion for a nonsuit, and also an attempted appeal from such order.

The rules governing the granting of a motion for non-suit are clearly set forth in 9 California Jurisprudence, 551, as follows:

"A motion for nonsuit involves the legal effect of admitted facts. When made at the close of plaintiff's case it in purpose and effect operates as a demurrer to the evidence, and must therefore assume that all the evidence in favor of the plaintiff, if relevant to the issues, is true. It is, therefore, well settled that upon a motion for nonsuit, particularly when made at the close of plaintiff's case, all the evidence must be construed most strongly against the defendant. Every favorable inference, fairly deducible, and every favorable presumption fairly arising from the evidence produced must be considered as facts in favor of the plaintiff. If the evidence is fairly susceptible of two constructions, or if either of several inferences may reasonably be made, the court must take the view most favorable to the plaintiff. All the evidence in favor of the plaintiff must be taken as true, and if contradictory evidence has been given it must be disregarded. On such motion the court has nothing to do with the question of the credibility of the witnesses, nor with the testimony tending to create a conflict." (See, *Gomez* v. *Lindberg,* 11 Cal. App. (2d) 730 [54 Pac. (2d) 1153].)

The sole question presented is this: Is there any substantial evidence or reasonable inferences to be drawn from such evidence that would support a judgment for plaintiff?

John Thurman Ellis was employed by Louis D. Mortora who was transacting business under the name of San Bernardino Provision Company with his principal place of business in the city of San Bernardino. On January 5, 1938, there had been a mistake in a delivery to a customer in Pomona and another in a delivery made in Glendora. Mortora sent Ellis to correct these mistakes. He left San Bernardino at about 5:30 that evening. He was killed while on this business of his employer in an automobile collision which happened at about 6 o'clock on the Valley Boulevard about seven miles east of Ontario and about twenty-two miles west of San Bernardino. The accident happened on the direct route between San Bernardino and Pomona which lies westerly from the former city.

The other car involved in the accident was owned by defendant and was being driven by Emil Graefen with her consent. Graefen died from injuries received in the accident.

Plaintiff was the insurance carrier for Mortora. Ellis left surviving him, his wife, Goldie C. Ellis, as his surviving heir. The Industrial Accident Commission made an award against plaintiff and in favor of Mrs. Ellis in the sum of $5,000, death benefit, besides hospital care and funeral expenses. Part of these benefits were paid and plaintiff, being obligated for the balance, has brought this action to recover the amount of the award from defendant.

Mrs. Ellis, as the surviving heir at law of her deceased husband, had a cause of action against defendant for the pecuniary loss which she suffered because of the death of her husband. (Code Civ. Proc., sec. 377.) An employer who pays or becomes obligated to pay compensation by reason of the injury or death of an employee may bring an action against another who is responsible therefor (Labor Code, sec. 3852) and such action does not abate by reason of the death of the employee. (Labor Code, sec. 3851.) Where the compensation is either paid by the insurance carrier of the employer or it is obligated to pay the same, the carrier is subrogated to the rights of the employer and may enforce such

rights in its own name. (*Morris* v. *Standard Oil Co.*, 200 Cal. 210 [252 Pac. 605].)

Plaintiff was therefore subrogated to the right of action of Mrs. Ellis by reason of the judgment rendered in her favor by the Industrial Accident Commission. As she had a cause of action to recover her pecuniary loss resulting from the death of her husband, such death did not abate that right of action and plaintiff can maintain this action to recover the pecuniary loss suffered by Mrs. Ellis subject to the limitations imposed by the statutes.

■ When the owner of an automobile permits another to drive it, any negligence of the driver is imputed to the owner. (Vehicle Code, sec. 402.) While the cause of action against the driver of the car abates on his death, such death does not bar the cause of action against the owner whose liability is primary up to $5,000 for the death of any one person in any one accident. (*Sayles* v. *Peters,* 11 Cal. App. (2d) 401 [54 Pac. (2d) 94].)

■ The only witness who was near the scene of the fatal accident is Frank P. Green. He was driving easterly on the Valley Boulevard at about 6 o'clock in the evening of January 5, 1938, on his own right-hand side of the road at a speed of about forty miles an hour when his automobile received a blow from the rear. The impact caused his car to swerve to his left over the white line which bisects the pavement longitudinally. He observed another automobile approaching from the east with its headlights illuminated. It was travelling on the northerly half of the pavement. He succeeded in avoiding a collision by bringing his car to the southerly half of the pavement and stopping it on the southerly shoulder.

Immediately after his automobile was struck he heard brakes screeching and then the crash of a collision. He returned to the scene of the collision and found a Ford automobile lying on its right side across the northerly half of the pavement with its front end near the center line and a Chevrolet automobile standing on its wheels almost directly behind the Ford. The front wheels of the Chevrolet were on the northerly oiled shoulder of the highway about three feet. from the rear of the Ford. Both automobiles were headed southeasterly. It was subsequently learned that Emil Graefen

was in the Ford and John Thurman Ellis in the Chevrolet. No other vehicles were near the place of the accident.

The only other witness to give any evidence bearing upon the cause of the accident was Charles Castle, a member of the California Highway Patrol. He reached the scene of the collision a short time after it happened. He testified that about 185 feet westerly from where the two cars came to rest "tire marks" commenced on the northerly half of the pavement and continued easterly for about 75 feet when they returned to the southerly half of the pavement and became "skid marks". These skid marks extended for .50 or 60 feet and ended about 50 or 60 feet westerly from where he found the Ford. About eight feet easterly from the end of the skid marks there commenced metal scratches on the pavement and aluminum had been ground into the concrete. This witness defined "tire marks" as marks made by tires when the wheels were rolling forward in the direction the car was travelling, and "skid marks" as marks made by the tires when the car is sliding sideways.

The aluminum weather stripping on the right side of the Ford was partially ground off and there were various scratches in the metal on the same side. The Chevrolet showed no sign of having been off its wheels. Photographs showing the damages suffered by the two cars would support the inference that as far as the Chevrolet was concerned the principal point of impact had been on its left side near or just in front of where the cowling joined the hood.

With these facts in evidence we believe that the case should have gone to the jury and that the motion for nonsuit was improperly granted. This evidence will support the following reasonable inferences showing negligence on the part of Emil Graefen (Vehicle Code, secs. 510, 525, 531; *Gornstein* v. *Priver*, 64 Cal. App. 249 [221 Pac. 396]) ; that the Ford was being driven easterly and the Chevrolet westerly at and before the time of the collision; that the Chevrolet was being driven on its own right-hand side of the highway with its lights illuminated; that Graefen drove the Ford into the rear of the Frank P. Green car; that the Ford then went out of control and proceeded easterly on its left-hand side of the highway for about 75 feet; that it turned or was turned towards its own right-hand side of the highway and skidded sideways for a considerable distance; that it turned over on its

right side and slid onto its left-hand side of the roadway to the point of impact.

 It is not necessary that there be the testimony of eyewitnesses to an accident in order to support a finding of negligence on the part of the driver of an automobile involved in a collision if such finding be made in the trial court. (*Eastman* v. *Rabbeth,* 128 Cal. App. 534 [17 Pac. (2d) 1009].)

Under the facts here presented the questions of the negligence of Graefen, the contributory negligence of Ellis and the proximate cause of the accident were all questions of fact for the jury and not questions of law for the court.

The judgment is reversed.  The attempted appeal from the order granting the nonsuit is dismissed. (Code Civ. Proc., sec. 963.)

Barnard, P. J., and Griffin, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 3, 1941. Curtis, J., Edmonds, J., and Houser, J., voted for a hearing.