[Civ. No. 12847.   First Dist., Div. Two.   Aug. 7, 1945.]

MERLE KAPITAN, Respondent, v. ROBERT HAYES SMITH, Appellant.

Robert Hayes Smith, in pro. per., for Appellant.

Lewis E. Lercara and Shirley, Robb & Saroyan for Respondent.

NOURSE, P. J.—In a trial to the court sitting without a jury the plaintiff had a judgment for damages for injuries suffered when struck by defendant's motor vehicle. When the cause was called for oral argument the defendant moved to take the testimony of a witness who was not present at the trial. Three questions are presented for decision—the sufficiency of the evidence to support the finding of defendant's negligence, the question whether plaintiff was guilty of contributory negligence as matter of law, and the demand to take additional evidence.

At about 8:30 p.m. on August 20, 1943, plaintiff was a pedestrian walking in a westerly direction across El Camino Real in the town of Millbrae at a point in a twenty-five mile zone where there were no pedestrian crosswalks. The highway at that point had four lanes. When plaintiff reached the curb she paused to let a north bound vehicle pass, stopped in the middle of the highway at the double line and looked for traffic coming from the north. She saw nothing and proceeded in her course to the westerly outer lane where she was struck by defendant's vehicle and thrown to the ground. She testified that the vehicle was traveling without headlights and two witnesses corroborated her. These two witnesses were seated in an apartment about two hundred feet from the point of

collision. They testified that they were aroused by the noise of the skidding tires and by the sound of the impact. Defendant testified that he did not strike plaintiff, that he first saw her when she was lying in the highway, and that, though his lights were on, the accident occurred during the "dim out" period. It was shown, however, that the dim out regulations were not applicable to this territory.

As to appellant's negligence, respondent relies on her proof that he was traveling without lights and that the skidding of the vehicle showed that he was traveling at an excessive speed. Either factor was sufficient to support the finding of negligence. The appellant testified that he did not see respondent until she was lying in the highway. This testimony taken with that of the witnesses who heard the skidding of the vehicle and the impact merely supports the inference that appellant was driving negligently at an excessive speed. There is no conflict on this issue except in appellant's statement on one occasion that he was traveling at a speed of five miles an hour, on another occasion that his speed was fifteen.

The issue of contributory negligence is not debatable. There is no rule of law that prohibits a pedestrian from crossing a public highway where pedestrian crossings are not marked. If one is negligent in so doing it is a question of fact to be decided under all the circumstances of the particular case. Here the trial court found that respondent was not negligent and that finding cannot be disturbed. (*Casalegno* v. *Leonard,* 40 Cal.App.2d 575, 578 [105 P.2d 125]; *Bushey* v. *Rigby,* 34 Cal.App.2d 41, 45 [92 P.2d 1032].)

Appellant's motion for leave to take additional evidence is based upon his affidavit that a witness who was unavailable at the time of the trial would testify that the lights were burning on appellant's car after the accident and that the skid marks appearing on the highway were beyond and ahead of the point where the car was stopped. It does not appear that the proposed witness saw the collision or that he saw the lights on the car before it was stopped. His testimony as to the lights after the car was stopped would not aid appellant. The testimony regarding the location of the skid marks would merely create a conflict which is not material. If the question of excessive speed presented the only issue of negligence the testimony of those witnesses who heard the tires skidding

before the impact was sufficient evidence of excessive speed—and that testimony was not controverted.

The motion is denied and the judgment affirmed.

Nourse, P. J., Goodell, J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied September 6, 1945, and appellant's petition for a hearing by the Supreme Court was denied October 1, 1945.